671 F.2d 988
 109 L.R.R.M. (BNA) 3051, 93 Lab.Cas. P 13,290,
3 Employee Benefits Ca 1208
 BRICKLAYERS' PENSION TRUST FUND, Metropolitan Area;
Bricklayers and Trowel Trades International Pension Fund;
Bricklayers Holiday Trust Fund, Metropolitan Area; Detroit
and Vicinity Trowel Trades Health and Welfare Fund; and
Bricklayers Joint Apprenticeship Committee, trust funds
established under, and administered to, federal law,
Plaintiffs-Appellants,
v.
Danilo TAIARIOL, individually and d/b/a Lorain Construction,
Defendant-Appellee.
 No. 80-1491.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 7, 1981.
Decided March 9, 1982.
 
 Sheldon M. Meizlish, Rolland O'Hare, Detroit, Mich., for plaintiffs-appellants.
 Danilo Taiariol, pro se.
 Before KEITH and MARTIN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 MARTIN, Circuit Judge.
 
 
 1
 This appeal raises two questions concerning the propriety of including prejudgment interest in an award for damages under the Labor-Management Relations Act of 1947[1] and the Employee Retirement Income Security Act of 1974.[2] The District Court held that Section 1961 of Title 18 of the United States Code precluded an award for prejudgment interest in cases where jurisdiction is based upon a federal question. Appellants[3] contend that the court misconstrued Section 1961 and that an award is proper in an action premised on these statutes.
 
 Section 1961 provides:
 
 2
 Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefore may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.
 
 
 3
 28 U.S.C. § 1961.
 
 
 4
 This provision mandates the imposition of post-judgment interest, thus removing the award of such interest from the discretion of the District Court. See Clissold v. St. Louis-San Francisco Railway Company, 600 F.2d 35, 39, fn. 3 (6th Cir. 1979); Blair v. Durham, 139 F.2d 260, 261 (6th Cir. 1943). The District Court also determined that Section 1961 limited interest awards to only post-judgment interest and so denied appellant's request for prejudgment interest. This interpretation is too narrow and we reverse.
 
 
 5
 The Supreme Court in Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947), considered whether prejudgment interest might be awarded in an action instituted under the Agricultural Adjustment Act of 1938, 7 U.S.C. § 1981 et seq. After examining that statute as well as 28 U.S.C. § 811, the statutory predecessor of 28 U.S.C. § 1961, the Court concluded: "There is no language in the Agricultural Adjustment Act or in any other act of Congress which specifically allows or forbids interest on penalties such as these prior to judgment." 332 U.S. at 373, 68 S.Ct. at 6.
 
 
 6
 Other circuits which have expressly considered this question have found no impediment in Section 1961 to the awarding of prejudgment interest. Moore-McCormick Lines v. Amirault, 202 F.2d 893, 895 (1st Cir. 1953); Louisiana & Arkansas Railway Company v. Export Drum Company, 359 F.2d 311, 316-317 (5th Cir. 1966); Lodges 743 and 1746, International Association of Machinists and Aerospace Workers v. United Aircraft Corporation, 534 F.2d 422, 446, fn. 42 (2d Cir. 1975), cert. denied, 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976); Casto v. Arkansas-Louisiana Gas Co., 562 F.2d 622, 624 (10th Cir. 1977). In each of these cases, the court considered the argument that 28 U.S.C. § 1961 preempted the District Court's authority to impose prejudgment interest by providing only for interest after judgment. However, in each case the court held that the federal statute is silent on the award of prejudgment interest and that traditional equitable principles would govern the award of such compensation. We agree that Section 1961 does not by its silence bar the awarding of prejudgment interest in cases whose jurisdiction is grounded in the resolution of a federal question.
 
 
 7
 The second issue before us is whether such an award is proper under the statutes involved in this case. Neither the Labor Management Relations Act or the Employee Retirement Income Security Act contain any prohibition against prejudgment interest. In the absence of legislative direction, the Supreme Court, again in Rodgers, directed that the decision to grant or deny prejudgment interest should hinge on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question. 332 U.S. at 373, 68 S.Ct. at 6. Prejudgment interest has been awarded in a number of LMRA cases. See e.g. Oil, Chemical and Atomic Workers International Union, Local No. 4-447 v. American Cyanamid Company, 546 F.2d 1144 (5th Cir. 1977); Eazor Express, Inc. v. International Brotherhood of Teamsters, 520 F.2d 951 (3rd Cir. 1975), cert. denied, 424 U.S. 935, 96 S.Ct. 1149, 47 L.Ed.2d 342 (1976).
 
 
 8
 These two statutes, LMRA and ERISA, impose certain responsibilities on both management and labor so as to promote integrity and certainty in employer-employee relationships. The defendant here, a construction contractor, was adjudged to have failed to meet his obligations with regard to certain trust funds administered by appellants. His breach deprived appellants of their lawful right to the missing funds. Because appellants had established contractual rights to the funds under the auspices of the LMRA and ERISA we find that prejudgment interest may be awarded here.
 
 
 9
 The general rule is that in the absence of a statutory provision the award of prejudgment interest is in the discretion of the court. Oil, Chemical & Atomic Workers International Union, Local 4-447 v. American Cyanamid Company, supra, at 1144. The District Court, because it felt such an award was prohibited, never addressed the question of the propriety of awarding prejudgment interest here. We remand for a determination of whether the facts of this case warrant an award of prejudgment interest.
 
 
 
 [1]
 29 U.S.C. § 141 et seq
 
 
 [2]
 29 U.S.C. § 1001 et seq
 
 
 [3]
 The Bricklayers' Pension Trust Fund, Metropolitan Area; the Bricklayers' and Trowel Trades International Pension Fund; the Bricklayers' Holiday Fund, Metropolitan Area; the Detroit and Vicinity Trowel Trades Health and Welfare Fund; and the Bricklayers' Joint Apprenticeship Committee