UNITED STATES of America, Plaintiff,

v.

Dale K. RAINBOLT, Defendant.

No. Civ-2-81-151.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 5, 1982.

Ronald H. Dooley, Veterans Administration, Nashville, Tenn., for plaintiff.

Dale K. Rainbolt, pro se.

## MEMORANDUM OPINION

NEESE, District Judge.

The defendant Mr. Dale K. Rainbolt has been defaulted for failure to appear herein. *See* entry of default of February 26, 1982. The plaintiff United States of America moved the Court for a judgment by default for $1,080. Rule 55(b)(2), Federal Rules of Civil Procedure.

■ Such application should have been made by a request to the clerk to this Court for a judgment by default. Rule 55(b)(1), Federal Rules of Civil Procedure. The plaintiff's claim against the defendant is for the sum-certain of $1,080: " * * * When the plaintiff's claim against a defendant is for a sum certain * * *, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person," *idem.*, and is not subject to the Soldiers' and Sailors' Civil Relief Act of 1940 (Act), 50 U.S.C. Appendix, §§ 501 et seq.

■ An attorney for an agency of the plaintiff made affidavit that $1,080 is the amount due the plaintiff from the defendant * and that he is not an infant, incompetent person, or subject to the Act. The

---

* The amount of the claim of the plaintiff laid in the complaint herein was " * * * $1,080.00, plus interest, costs, including reasonable attorneys' fees * * *." However, in the aforementioned affidavit, the request for judgment by default is on the basis of an exhibited certificate of indebtedness for " * * * the amount due the United States as a result of the educational assistance overpayment made to the defendant [of] $1,080.00. * * * "

Had the request included an amount for prejudgment interest, it would have been necessary for the plaintiff to address its request to the Court, as the allowance of the prejudgment-interest " * * * in the absence of a statutory provision * * * is in the discretion of the court. * * * " *Bricklayers' Pension, et al.*, C.A. 6th, 671 F.2d 988, 990 (1982).

administrator of the Veterans Administration determined that a default has occurred on a loan made under 38 U.S.C., ch. 36, sub-chap. III (relating to education loans to eligible veterans and eligible persons) and has declared an overpayment to the defendant thereon of the aforestated amount.

 " * * * [S]uch overpayment shall be recovered from the veteran * * * in the same manner as any other debt due the United States." 38 U.S.C. § 1798(e)(1) (the provisions of 38 U.S.C. § 1798(e)(2) being inapplicable as to this defendant). " * * * The Government by appropriate action can recover funds which its agents have * * * erroneously * * * paid [Footnote references omitted.]. 'No statute is necessary to authorize the United States to sue in such a case. The right to sue is independent of statute, ...' * * * Ordinarily, recovery of Government funds, paid by mistake to one having no just right to keep the funds, is not barred by the passage of time. * * * " *United States v. Wurts* (1938), 303 U.S. 414, 415–416, 58 S.Ct. 637, 638, 82 L.Ed. 932, 934 (headnote 2, 3).

The aforementioned application to the Court, therefore, hereby is DENIED without prejudice to the plaintiff's application to the clerk of this Court for entry of a judgment by default under the provisions of Rule 55(b)(1), *supra*.