Richard John MERCY, John Mercy, Joan Mercy, Steven Mercy, Mark Mercy, Robert Eric Mercy, and Donna Mercy Labashinsky, Plaintiffs-Appellants,

v.

COUNTY OF SUFFOLK, NEW YORK, and the Police Commissioner of the County of Suffolk, presently Donald Dilworth, and individually and in their representative capacities, John Freeburg, Vincent McVetty, Daniel Murphy, Emery J. Schneider, and 26 Unknown Police Officers, Agents, Servants, Employees of the County of Suffolk, Defendants-Appellees.

No. 53, Docket 84–7228.

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1984.  Decided Nov. 5, 1984.

 

Arnold B. Firestone, Hauppage, N.Y., for plaintiffs-appellants.

Theodore D. Sklar, Hauppage, N.Y. (Martin Bradley Ashare, Suffolk County Atty., Hauppage, N.Y., on the brief), for defendants-appellees.

Before LUMBARD, MANSFIELD, and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs Richard John Mercy, *et al.*, appeal from so much of a final judgment of the United States District Court for the Eastern District of New York, following a jury trial before Frank X. Altimari, *Judge*, as awarded defendants County of Suffolk (the "County"), *et al.*, costs in the amount of $9,875.98 following verdicts in favor of the defendants in this action brought under 42 U.S.C. § 1983. Plaintiffs also challenge Judge Altimari's denial of a posttrial motion for attorney's fees pursuant to Fed.R. Civ.P. 37(a)(4) in connection with the pretrial denial by then-District Judge George C. Pratt of a discovery motion by defendants. We affirm the award of costs. We vacate the denial of the motion for attorney's fees and remand to Judge Altimari for a determination of the motion on its merits.

## I. BACKGROUND

Plaintiffs commenced this § 1983 action against the County, the County Police Commissioner, and some 30 police officers in 1981, claiming acts of police brutality. The case went to trial before Judge Altimari in the fall of 1983, and the defendants prevailed. Many claims were dismissed at the close of the plaintiffs' evidence. The rest were decided by the jury in favor of the defendants.

Shortly after the end of trial, a judgment was entered dismissing the complaint. The judgment specified that it was entered "without prejudice to defendants' right to make an application for costs and a reasonable attorney's fee," and "without prejudice to plaintiff's attorney's right to make an application for reasonable costs and at-

**54**

torney's fees in [successfully] defending a discovery motion" before Judge Pratt in February 1982. (November 22, 1983 Judgment.)

Thereafter, defendants made application for, *inter alia,* costs in the amount of $25,574.56. The court awarded costs in the amount of $9,875.98. Plaintiffs' attorney moved for attorney's fees pursuant to Fed. R.Civ.P. 37(a)(4). Judge Altimari denied that motion on the ground that Judge Pratt had implicitly rejected plaintiffs' claim to fees in his opinion denying the defendants' motion for a protective order. Plaintiffs challenge both the award of costs against them and the denial of their attorney's motion for attorney's fees. For the reasons below, we affirm the award of costs, but we remand the matter of attorney's fees on the discovery matter for further consideration.

## II. DISCUSSION

### A. *The Award of Costs*

■ The award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception. Fed.R.Civ.P. 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs ...." The district court's ruling with respect to costs will not be upset on appeal unless the court abused its discretion. *In re Air Crash Disaster,* 687 F.2d 626, 629 (2d Cir.1982).

■ Plaintiffs challenge the award of costs against them on the grounds that their suit conferred important benefits on the public by informing the public that there is police brutality in Suffolk County, that the award of costs imposes an economic hardship on plaintiffs, and that such an award will deter future claimants from instituting meritorious litigation. We are unpersuaded. The contention that their lawsuit had value to the public in calling attention to the problem of police brutality pales beside the fact that the lawsuit did not establish such brutality here. The assessment of public benefit in such circumstanc-

es is best made by the trial court. We see no reason to disturb the court's rejection of plaintiffs' evaluation. Plaintiffs' contention that future meritorious suits will be deterred ignores the probability that those with meritorious claims will prevail and not be subject to an award of costs against them. We think the exposure to liability for normal court costs will more likely discourage the bringing of frivolous claims than the bringing of meritorious claims.

■ Nor do we find any abuse of discretion in the amount of the costs allowed. The defendants sought costs in the amount of $25,574.56. The court declined to award that amount; it determined that it was appropriate to award $9,875.98 to compensate the defendants for necessary costs including daily transcripts of the trial. The court found that daily transcripts were necessary because of the number of plaintiffs, the number of defendants, and the number of claims asserted by the plaintiffs, and that access to such transcripts enabled defendants to have many of plaintiffs' claims dismissed by directed verdict at the close of the plaintiffs' case. We find no ground for upsetting the district court's award of costs.

### B. *The Motion by Plaintiffs' Attorney for Attorney's Fees*

The motion by plaintiffs' attorney for attorney's fees was based on defendants' attempt early in the litigation to avoid producing for plaintiffs the County police department's internal affairs investigative reports with regard to the incidents leading to plaintiffs' suit. Judge Pratt denied defendants' motion for a protective order. After the trial, which was conducted before Judge Altimari, plaintiffs' attorney moved before Judge Altimari pursuant to Fed.R. Civ.P. 37(a)(4) for an award of attorney's fees incurred in connection with opposing defendants' motion for a protective order. *See* Fed.R.Civ.P. 26(c) ("The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to [a motion for a protective order]." ). Rule 37(a)(4) provides, in pertinent part, as follows:

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Defendants opposed the motion on the ground that Judge Pratt, in denying the protective order, had also denied an award of expenses to the plaintiffs except if they ultimately prevailed in the litigation. Judge Altimari agreed that Judge Pratt had denied the motion, ruling that since Judge Pratt was "obviously aware of the applicable federal rules, [he] assumedly concluded that the defendants' motion was substantially justified, or more likely, that an award of expenses would be unjust." (Memorandum and Order dated February 21, 1984 at 5.)

█ We do not agree that Judge Pratt decided the issue of whether attorney's fees should be awarded to plaintiffs under Rule 37(a)(4), as distinct from whether such an award would be forthcoming under 42 U.S.C. § 1988 if plaintiffs ultimately prevailed in the suit. In denying defendants' motion for a protective order and requiring the production of the investigative reports, Judge Pratt stated, *inter alia*, as follows:

[T]he court is surprised at defendant Suffolk County's resistance to the disclosure of these documents, since such resistance can only be interpreted as an intent to use artificial, technical objections in order to make the task of a litigating plaintiff in a civil rights suit more difficult. One might think that the duty of a government in a democracy is to seek the truth, to simplify the litigation process, and to reach a fair, open and honest determination on the merits whenever the conduct of one of its officers is claimed to have infringed the constitutional rights of one of its citizens.

... Suffolk County has not only opposed the discovery order and its related search for the truth, but in doing so it has retained outside counsel, at considerable expense to the county, to prepare briefs and appear for oral argument. The net result is an expenditure of more time and yet further expense to the taxpayers of Suffolk County who in the end must pay the bill. Of course, if the plaintiffs are successful in this lawsuit, the taxpayers of Suffolk County will also pay for the time spent by plaintiffs' counsel in opposing this motion.

93 F.R.D. 520, 523.

Judge Pratt's decision did not mention Rule 37 sanctions, and neither the record nor the parties suggest that any Rule 37 application had been made when Judge Pratt made his above rulings. In light of these facts, we do not read Judge Pratt's statement that plaintiffs would "[o]f course" receive reimbursement for the fees incurred if they were ultimately successful in the lawsuit as necessarily foreclosing the possibility of an award of fees in connection with plaintiffs' defense of an unjustified motion irrespective of whether they ultimately prevailed on the merits of their claims.

In denying the posttrial Rule 37 motion, Judge Altimari stated that he believed it would be

bad precedent to allow plaintiffs' attorney at this late date and after unsuccessful trial of his action to recover costs, more specifically attorneys' fees, for part of the losing effort. It flies-in-the-face of 42 U.S.C. section 1988.

(Memorandum and Order dated February 21, 1984 at 6.) This conclusion prompts us to make two observations.

█ First, we agree with the district court that a motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind. The motion should be deemed waived if it is not made prior to judgment and if the judgment entered does not, as did the November 22, 1983 Judg-

ment here, expressly preserve the right to make the motion thereafter. *See Popeil Bros. v. Schick Electric, Inc.*, 516 F.2d 772, 777–78 (7th Cir.1975). Indeed, the motion should normally be deemed waived if it is not made prior to trial, *see, e.g., Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir.1976), unless the district judge determines that the motion has nevertheless been made within a reasonable time.

■ Second, we do not believe that § 1988 is implicated in a district court's assessments of whether a motion for Rule 37 sanctions is timely or meritorious. Section 1988 governs the award of costs and fees to a prevailing party. The sanctions provided in the Federal Rules of Civil Procedure are designed to prevent any litigant, whether or not he ultimately prevails, from being put to discovery expense that is unjustified.

■ Since Judge Altimari did not make his decision on the Rule 37 motion on its merits, but rather concluded, in our view erroneously, that Judge Pratt had decided the matter, we remand the motion for attorney's fees to Judge Altimari for a ruling on the merits. We note that the motion was purportedly made by plaintiffs' counsel in his own name, although Rule 37(a)(4) speaks of an award "to the party." At oral argument of this appeal, plaintiffs' counsel indicated that he would be happy to have the motion deemed made by plaintiffs rather than by himself. We see no reason why that modification should not be allowed. We express no view as to the merits of the motion.

## CONCLUSION

The judgment of the district court awarding costs to the defendants is affirmed. The order denying the Rule 37 motion is vacated, and the issue is remanded to the district court for a ruling on the merits. Plaintiffs shall bear the costs of this appeal.