840 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John B. YOUNG, Plaintiff-Appellant,
v.
Carl E. LANGLEY and Wilbur E. BOND, jointly and severally,
Defendants-Appellees,
National Ben Franklin Insurance Company, Garnishee,
Defendant-Appellee.
 No. 87-1446.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Young appeals the district court's decision denying his request for prejudgment interest on damages awarded him by the jury in an action brought under 42 U.S.C. Sec. 1983. We find that the district court did not abuse its discretion and accordingly, affirm the decision denying the motion for prejudgment interest.
 
 
 2
 * In December 1980, Young sued Carl Langley and Wilbur Bond, the then Sheriff and Under Sheriff of Lapeer County, Michigan, for violation of his civil rights. Young had served as Deputy Sheriff to the defendants. After Young decided to run for Sheriff, the defendants demoted him to turnkey, suspended him for allegedly allowing a prisoner to escape and informed the local press about his misconduct. Young claimed the defendants' actions violated his First and Fourteenth Amendment rights and caused him to lose the 1980 primary election for Sheriff.
 
 
 3
 A jury awarded Young $350,000 in compensatory damages and $400,000 in punitive damages. The jury's award was upheld on appeal. Young v. Langley, 793 F.2d 792 (6th Cir.1986), cert. denied, 107 S.Ct. 436 (1986).
 
 
 4
 Subsequently, the district court, after slight modification, granted Young's motion to tax costs and award attorney fees pursuant to 42 U.S.C. Sec. 1988 but denied the part of Young's motion which requested prejudgment interest on the jury's awards. After noting that an award of prejudgment interest is entrusted to the trial court's discretion and that the general purpose of the award is to make the plaintiff whole, the court concluded:
 
 
 5
 plaintiff has given no indication why an award of prejudgment interest would be particularly appropriate in this case, especially since plaintiff received a substantial award, including punitive damages.* Therefore, the court will not exercise its discretion in this case to award prejudgment interest to plaintiff.
 
 II
 
 6
 This circuit adheres to the rule that in an action based on federal question jurisdiction, the award of prejudgment interest is committed to the sound discretion of the trial court. E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc., 727 F.2d 566, 579 (6th Cir.1984); Bricklayers' Pension Trust Fund v. Taiariol, 671 F.2d 988, 990 (6th Cir.1982).
 
 
 7
 As the Supreme Court has acknowledged, "[p]rejudgment interest is an element of complete compensation". West Virginia v. United States, 107 S.Ct. 702, 706 (1987) (involving an action based on a contractual debt); see also General Motors v. Devex Corp., 461 U.S. 648, 654-55 (1983) (involving an action for patent infringement). The award "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." West Virginia v. United States, 107 S.Ct. at 706 n. 2. However, the Court also has admonished that even in cases where the presumption should be in favor of the award, a trial court must have some discretion to deny the award in appropriate cases. General Motors v. Devex Corp., 461 U.S. at 656-67.
 
 
 8
 One instance when the denial of the award is appropriate is when, as in this case, the district court concludes that the plaintiff has been compensated fully for the injury he has suffered. In such a case, the plaintiff has been made whole and there is no reason to grant the award.
 
 
 9
 We note in passing that if Judge Newblatt truly was convinced at the time the jury returned its verdict that the damage awards were excessive, the Federal Rules of Civil Procedure provide the trial court with more appropriate vehicles for expressing its view of the jury's awards[1] than does a footnote to a memorandum opinion rendered many days after the entry of judgment and the affirmation of that judgment on appeal. However, we do not believe that Judge Newblatt's expression of his view of the jury's award constitutes an abuse of discretion. The rule governing the award requires a district court to consider whether in its opinion the plaintiff has been compensated fully for his injury. Judge Newblatt followed this procedure and we cannot conclude that the decision he arrived at was an abuse of his discretion.
 
 
 10
 Accordingly, the decision of the district court denying the request for prejudgment interest is AFFIRMED.
 
 
 11
 NATHANIEL R. JONES, Circuit Judge, dissenting.
 
 
 12
 I respectfully disagree with the majority in that I find the district court's actions to be an abuse of discretion.
 
 
 13
 As stated by the majority, prejudgment interest is designed to restore an injured party to his or her pre-discrimination posture. It is also designed to further the goals and purposes of the particular federal statute under which a plaintiff's actions might have been brought; in this case, 42 U.S.C. Sec. 1983 (1982). See Bricklayers' Pension Trust Fund v. Taiariol, 671 F.2d 988, 989 (6th Cir.1982) ("[T]he Supreme Court ... [has] directed [in Rodgers v. United States, 332 U.S. 371, 373 (1947) ] that the decision to grant or deny prejudgment interest should hinge on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question.").
 
 
 14
 In reviewing the district court's decision to deny prejudgment interest, I find no reliance on either of the above-mentioned grounds upon which the district court might have properly based its decision. Rather, I find a decision based upon a personal opinion, held by the district court judge, that the damages awarded to the plaintiff by an impartial jury were excessive. While it is true that plaintiff received substantial damages, that award has previously been affirmed by this court, Young v. Langley, 793 F.2d 792 (6th Cir.), cert. denied, 107 S.Ct. 436 (1986), and it is now too late for us or the district court to hold to the contrary.
 
 
 15
 The plaintiff in this case filed his complaint in 1980; in 1988, he is still involved in the appeals process. The plaintiff argues that prejudgment interest is necessary to prevent him from being denied the time value of his money. This factor, along with the above-mentioned factors, are the proper criteria to be considered by a district court when determining whether to award prejudgment interest. These factors are the relevant criteria; not the factors set forth in the district court's opinion.
 
 
 16
 Accordingly, I would reverse the district court's denial of prejudgment interest and remand the case to permit the district court to properly exercise its discretion and make a determination based upon the proper criteria.
 
 
 
 *
 It has always been the opinion of the Court that not only were the damages excessive in the light of the evidence but also that it was error the way plaintiff's counsel argued damages to the jury. Neither of these subjects were preserved by objection or presented by way of postjudgment motion. Thus they were not considered on appeal and of course, not corrected at the trial court level. Since the Court still feels the damages were greatly in excess of what they should have been, this militates against prejudgment interest
 
 
 [1]
 For example, Fed.R.Civ.P. 59(d) provides:
 (d) On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason which it might have granted a new trial on motion of a party....