**REMINGTON PRODUCTS, INC., Plaintiff,**

v.

**NORTH AMERICAN PHILIPS, CORP., et al., Defendants.**

**Civ. A. No. B 82–56 (RCZ).**

United States District Court, D. Connecticut.

May 7, 1991.

---

Thomas P. Meehan, David Barmak, Randell C. Ogg & Douglas E. Fierberg, Sherman, Meehan & Curtin, P.C., Washington, D.C., and Dennis N. Garvey, New Haven, Conn., for plaintiff.

William E. Willis, Garrard R. Beeney, Sullivan & Cromwell, New York City, Peter D. Clark, Williams, Cooney & Sheehy, Bridgeport, Conn., for defendants.

## MEMORANDUM OPINION AND FINAL JUDGMENT

ZAMPANO, Senior District Judge.

### Background

In this antitrust action, plaintiff Remington Products, Inc. ("Remington") challenged the acquisition of the electric shaver assets of defendant Schick Incorporated ("Schick") by defendant North American Philips Corporation ("Philips") and its parent, defendant N.V. Philips' Gloeilampenfabrieken ("N.V. Philips").

On January 7, 1991, this Court issued a ruling granting defendants' motion for summary judgment on the issue of antitrust injury. *Remington Prods., Inc. v. North Am. Philips Corp.*, 755 F.Supp. 52 (D.Conn.1991). On January 16, 1991, Philips submitted a proposed final judgment that would dismiss on the merits all of the plaintiff's claims. On February 7, 1991, Remington filed an opposition to the form of Philip's proposed final judgment. On February 13, 1991, Philips submitted a revised form of the final judgment and a supporting memorandum. On March 1, 1991, Remington filed a memorandum in opposition to the revised judgment. On March 6, 1991, Philips responded to plaintiff's opposition and, on March 13, 1991, Remington filed its reply.

### Discussion

Remington's amended complaint relied upon four legal theories: 1) § 1 of the Sherman Act; 2) § 7 of the Clayton Act; 3) § 2 of the Sherman Act; and 4) under the principle of pendent jurisdiction, Connecticut General Statutes §§ 35–29. The parties agree that this Court's January 7, 1991 ruling that the plaintiff had suffered no antitrust injury is fatal to all four theories. Before the Court enters final judgment, however, several issues must be resolved.

### I. *Prejudgment Interest on Sanctions Award*

On August 22, 1985, this Court awarded Remington discovery sanctions under Rule 37(a)(4) in the amount of $178,-162.37, payable on September 16, 1985. *Remington Prods., Inc. v. North Am. Philips Corp.*, 107 F.R.D. 642 (D.Conn. 1985). Philips was given the opportunity to challenge the amount of the award in an evidentiary hearing but declined to do so.

*Id.* at 645. The parties do not dispute that the final judgment should include plaintiff's award of sanctions. However, Remington argues that it should also recover interest on the award calculated from September 16, 1985, when it became payable.

The federal statute governing the award of interest, 28 U.S.C. § 1961, provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. ... Such interest shall be calculated from the date of entry of the judgment...." 28 U.S.C.A. § 1961 (West Supp.1991). While this provision mandates the imposition of post-judgment interest, "[the statute] currently makes no provision for *prejudgment* interest." *Jarvis v. Johnson,* 668 F.2d 740, 741 n. 1 (3rd Cir. 1982) (emphasis added).

■ It is well-settled that "Section 1961 does not by its silence bar the awarding of prejudgment interest in [federal question] cases." *Bricklayers' Pension Trust Fund v. Taiariol,* 671 F.2d 988, 989 (6th Cir.1982) (citing several circuit court cases, including *International Ass'n of Machinists and Aerospace Workers v. United Aircraft Corporation,* 534 F.2d 422, 446 n. 42 (2d Cir.1975)). However, a court must determine "whether such an award is proper under the statute involved in the [particular] case." *Bricklayers' Pension Trust Fund,* 671 F.2d at 989.[1] In some cases, an award of prejudgment interest is mandatory, while in other cases it is within the court's discretion. *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 176 n. 3, 109 S.Ct. 987, 992 n. 3, 103 L.Ed.2d 146 (1989).

On its face, Rule 37(a) "do[es] not authorize recovery of prejudgment interest." *Fauber v. Kem Transp. and Equip. Co., Inc.,* 876 F.2d 327, 332 (3rd Cir.1989). While many courts have considered the availability of prejudgment interest as a component of a damage award, *see, e.g., Bricklayers' Pension Trust Fund,* 671 F.2d at 989, whether a court may award prejudgment interest on monetary sanctions obtained under Rule 37(a) is an open question.[2] Thus, this Court must decide whether the decision to grant prejudgment interest is within its discretion and, if so, whether it should award such interest to the plaintiff.

In *Rodgers v. United States,* 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947), the Supreme Court considered whether a farmer who was liable for statutory penalties under the Agricultural Adjustment Act would be required to pay prejudgment interest. The Court observed:

> Since penalties under the Agricultural Adjustment Act are imposed under Act of Congress, they bear interest only if and to the extent such interest is required by federal law. There is no language in the Agricultural Adjustment Act or in any other act of Congress which specifically allows or forbids interest on penalties such as these prior to judgment. But the failure to mention interest in statutes which create obligations has not been interpreted by this Court as manifesting an unequivocal congressional purpose that the obligation shall not bear interest. *For in the absence of an unequivocal prohibition of interest on such obligations, this Court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them and in light of general principles deemed relevant by the Court.*

332 U.S. at 373, 68 S.Ct. at 6–7 (citations and footnotes omitted, emphasis added).

---

1. Many federal statutes provide for prejudgment interest in addition to damages, either by express provision or judicial interpretation. *See, e.g., Devex Corp. v. General Motors Corp.,* 569 F.Supp. 1354, 1367 (D.Del.1983) ("Prejudgment interest in this patent litigation was awarded in the Court's discretion solely as a matter of federal law pursuant to 35 U.S.C. § 284."); *Bricklayers' Pension Trust Fund,* 671 F.2d at 989–90 (prejudgment interest held available under the Labor–Management Relations Act and the Employee Retirement Income Security Act, despite absence of statutory provisions).

2. Research has revealed only one case directly on point. *Wm. T. Thompson Co. v. General Nutrition Corp.,* 104 F.R.D. 119 (C.D.Cal.1985) (where special master had imposed monetary sanctions under Rule 37, award of prejudgment interest was within the court's discretion and allowed).

Unlike sanctions, which are awarded to punish and deter wrongful conduct during the course of litigation, prejudgment interest "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to address." *West Virginia v. United States*, 479 U.S. 305, 310 n. 2, 107 S.Ct. 702, 706 n. 2, 93 L.Ed.2d 639 (1987). *See Osterneck v. Ernst & Whinney*, 489 U.S. at 176 n. 3, 109 S.Ct. at 992 n. 3 (prejudgment interest is a component of compensation and is intended to " 'remedy the injury giving rise to the action' ") (quoting *Budenich v. Becton Dickenson & Co.*, 486 U.S. 196, 200, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988)).

In *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, ——— U.S. ———, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), concerning *post-judgment* interest on a monetary jury award, the Supreme Court held that 28 U.S.C. § 1961 authorizes an award of interest only *after* the date of the judgment. In holding that interest on a damage award does not commence from the date of the verdict but only from the date of judgment, the Court specifically rejected the argument that Remington advances here—that a plaintiff should be compensated for the loss of the use of money from the time of the award to the time of the judgment: "Even though denial of interest from verdict to judgment may result in the plaintiff bearing the burden of the loss of the use of the money from verdict to judgment, *the allocation of costs accruing from litigation is a matter for the legislature, not*

the courts." 110 S.Ct. at 1576 (emphasis added).

After considering these authorities, the Court concludes that its discretion does not include supplementing Rule 37 sanctions with prejudgment interest.

## II. *Allocation of Costs*

▮ Philips argues that, as the prevailing party, it is entitled to costs under Federal Rule of Civil Procedure 54(d). Remington contends that each party should bear its own costs.[3]

Rule 54(d) states that, except when express provision therefore is made in a federal statute or Federal Rule of Civil Procedure, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). "It is well-settled that under [Rule] 54(d), the awarding of costs is discretionary with the trial judge." *McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir.1972), *later app.*, 491 F.2d 380 (2d Cir.1974). *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir.1986) ("costs may be denied to a prevailing defendant in an antitrust action, for no statute or rule expressly supercedes a district court's discretion under Rule 54(d) in such cases"); *see Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir.1984) ("The district court's ruling with respect to costs will not be upset on appeal unless the court abused its discretion.") (citing *In re Air Crash Disaster*, 687 F.2d 626, 629 (2d Cir.1982)).

▮ There is a presumption in favor of awarding costs to the prevailing party. *Delta Air Lines, Inc. v. August*, 450 U.S.

---

**3.** By "costs," the Court is referring strictly to the type of expenses listed in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case, and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920 (West Supp.1991).

346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981); *Baez v. United States Dept. of Justice,* 684 F.2d 999, 1004 (D.C.Cir.1982) (citing *Compania Pelineon De Navigacion, S.A. v. Texas Petroleum Co.,* 540 F.2d 53, 56 (2d Cir.1976) and cases from nine other circuits). This presumption has two consequences. First, if a court decides to deny or reduce a prevailing party's request for costs, it must state its reasons so an appellate court may review its decision for an abuse of discretion. *See Baez,* 684 F.2d at 1004 (citing numerous cases). Second, unsuccessful parties bear "some burden of showing circumstances sufficient to overcome the presumption." *Baez,* 684 F.2d at 1004. *See generally* L. Bartell, *Costs and Expenses in Federal Court,* 101 F.R.D. 533, 560 (1984) (citing numerous circuit court cases) [hereinafter "Bartell"]. As the Second Circuit has observed, "[t]he award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception." *Mercy v. County of Suffolk,* 748 F.2d at 54.

■ Remington argues that the presumption in favor of Philips is overcome because: 1) Remington brought the action in good faith; 2) the case was close, complex and protracted; 3) an award of costs would have a chilling effect on the bringing of antitrust cases by small businesses; and 4) N.V. Philips has been found to have acted in bad faith in this litigation. While the plaintiff's good faith may be considered, awards of costs are not generally denied merely because of this factor. Bartell, *supra,* 101 F.R.D. at 561–62; *see, e.g., Coyne–Delany Co. v. Capital Dev. Bd.,* 717 F.2d 385, 390 (7th Cir.1983); *Electronic Specialty Co. v. International Controls Corp.,* 47 F.R.D. 158, 160 (S.D.N.Y.1969). Furthermore, the Court does not believe that awarding costs to the defendant would ultimately discourage businesses from commencing antitrust actions against larger competitors.

The Court agrees with the plaintiff, however, that this case has been close, complex and protracted. "The closeness of a case is judged not by whether a party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d at 732–33. In this action, commenced nine years ago, the parties conducted extensive discovery and then submitted cross-motions for summary judgment. The various cross-motions were supported by hundreds of pages of memoranda and dozens of exhibits. While the motions were being decided, the law in this area underwent significant development. The Court initially granted defendants' motion for summary judgment on the issue of antitrust injury. *Remington Prods., Inc. v. North Am. Philips Corp.,* 717 F.Supp. 36, 36–48 (D.Conn.1989). Upon plaintiff's motion for reconsideration in light of *R.C. Bigelow, Inc. v. Unilever, N.V.,* 867 F.2d 102 (2d Cir.), *cert. denied, Thomas J. Lipton, Inc. v. R.C. Bigelow, Inc.,* — U.S. —, 110 S.Ct. 64, 107 L.Ed.2d 31 (1989), decided shortly before the Court's decision was published, the Court vacated its ruling and held for the plaintiff. 717 F.Supp. at 48–49. Following the Supreme Court's holding in *Atlantic Richfield Co. v. USA Petroleum Co.,* — U.S. —, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990), the Court granted defendants' motion for reconsideration and held in their favor. *Remington Prods., Inc. v. North Am. Philips, Corp.,* 755 F.Supp. 52 (D.Conn.1991). These factors tend to rebut the presumption that costs should be awarded to the defendants. *See McDonnell v. American Leduc Petroleums, Ltd.,* 456 F.2d 1170, 1188 (2d Cir.1972) ("In view of the necessarily complex and protracted nature of the present litigation, it is the opinion of the Court that costs should not be taxed against any party."), *later app.,* 491 F.2d 380 (2d Cir.1974).

■ The presumption in favor of awarding costs to the prevailing party can also be overcome by a showing of bad faith or misconduct during the litigation. The denial of costs to the prevailing party is "a penalty for some defection on his part in the course of the litigation ... for example, ... calling unnecessary witnesses, bringing in unnecessary issues or otherwise encum-

bering the record." *Chicago Sugar Co. v. American Sugar Ref. Co.,* 176 F.2d 1, 11 (7th Cir.1949) (citations omitted), *cert. denied,* 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950). *See USM Corp. v. SPS Technologies, Inc.,* 102 F.R.D. 167, 172 (N.D.Ill. 1984) (costs denied to a prevailing party who had engaged in fraud and bad faith), *motion granted,* 770 F.2d 1035 (Fed.Cir. 1985); *Wilkerson v. Johnson,* 699 F.2d 325, 330 (6th Cir.1983) (costs of appeal denied where counsel violated court rules by failing to file brief or appear for oral argument). In *McFarland v. Gregory,* 425 F.2d 443 (2d Cir.1970), the Second Circuit affirmed the district court's denial of costs where the successful party had obstructed the proceedings by conducting its defense in the tradition "trial by battle" and "total warfare." *Id.* at 449. During the initial phase of this case, the Court found that "N.V. Philips' refusal to provide any discovery was a bad-faith effort to avoid complying with the rules governing discovery proceedings." 107 F.R.D. at 644. Under these circumstances, the Court finds that the defendants should be denied costs.

### III. *Form of the Final Judgment*

Remington argues that the final judgment in this case should include certain legal conclusions that the Court stated in its initial summary judgment ruling, but the Court disagrees. Federal Rule of Civil Procedure 54(a) directs that "[a] judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." *See also* Advisory Committee Note 3 to Form 31, Appendix of Forms to the Rules of Civil Procedure ("The rules contemplate a simple judgment promptly entered."). A final judgment must reflect the final disposition of the dispute, and "a properly formulated judgment should contain no extraneous material,...." 6 W. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.03, 54–33 (2d ed. 1990). *See United States v. Wissahickon Tool Works, Inc.,* 200 F.2d 936, 938 (2d Cir.1952) (advising that in federal practice, the court should enter "a simple form of judgment as directed in [Rule] 54(a), es-

chewing the lengthy recitals familiar in state practice.")

### *Final Judgment*

Plaintiff Remington Products, Inc. having filed an Amended Complaint in this action against defendants North American Philips Corporation, N.V. Philips' Gloeilampenfabrieken and Schick, Inc. alleging antitrust claims, and

Remington Products, Inc. having moved for sanctions against N.V. Philips' Gloielampenfabriekan, and this Court having granted that motion on August 22, 1985 and awarded Remington Products, Inc. $178,162.37, and

This Court, by order dated January 7, 1991, having awarded summary judgment as a matter of law on the grounds that Remington Products, Inc. had failed to demonstrate that it had suffered or was threatened with antitrust injury,

IT IS HEREBY ORDERED AND ADJUDGED that:

(1) N.V. Philips' Gloeilampenfabrieken shall pay to Remington Products, Inc. as sanctions the sum of $178,162.37 plus interest from the date of judgment;

(2) All claims in the Amended Complaint are dismissed against all defendants because Remington Products, Inc. has failed to establish a genuine issue of material fact on the question of antitrust injury; and

(3) Each party shall bear its own costs.