Richard A. SURPRISE and
Donald N. Ginsberg

v.

**GTE SERVICE CORP.**

No. 3:98CV255 (JBA).

United States District Court,
D. Connecticut.

Nov. 28, 2000.

David M. Cohen, Daniel M. Young, Allison Ann Dundas, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for plaintiffs.

Patrick W. Shea, Paul C. Marazita, Adam S. Bozek, Paul, Hastings, Janofsky & Walker, Stamford, CT, for defendant.

## *RULING ON PENDING MOTIONS*

ARTERTON, District Judge.

Currently pending before the Court are plaintiff Ginsberg's Motion for Protective Order [Doc. # 47], plaintiff Ginsberg's Motion to Dismiss Age Discrimination Claim [Doc. # 50] and plaintiff Ginsberg's Motion to Remand [Doc. # 51].

### I. Motion to Dismiss [Doc. # 50]

Plaintiff Ginsberg moves under Fed. R.Civ.P. 41(a)(2) to dismiss Count 4 of his complaint, the Age Discrimination in Employment Act claim, with prejudice and without costs to any party. Defendant GTE Service Corporation does not oppose the dismissal of Count 4, but claims that it is entitled to costs under Fed.R.Civ.P. 54(d) as the "prevailing party."

#### A. *"Prevailing Party" under Rule 54(d)*

Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs...."

In *Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir.1980), the Second Circuit stated that "generally the defendant is not considered the prevailing party when, as here, there is a voluntary dismissal of the action by the plaintiff with prejudice." GTE argues that this statement is not binding on this Court because (1) it was dictum; (2) the case involved a stipulation of dismissal; and (3) the sole case cited by the court in *Nemeroff* in support of that proposition now has been overruled, and other circuits since have held that a defendant in GTE's position is a prevailing party for purposes of Rule 54(d). For the reasons discussed below, the Court is persuaded that GTE's position is correct.

The precise holding in *Nemeroff* was that costs were appropriately imposed under Rule 54 where the parties had stipulated to a dismissal in which the defendants expressly reserved the right to move for costs, although, the court noted "generally" a defendant is not a prevailing party where there has been a dismissal with prejudice. *See id.* at 350. The Second Circuit gave no reasoning to support the "general rule" that it set forth, and since *Nemeroff* has not analyzed whether or why a voluntary dismissal with prejudice by the plaintiff entitles the defendant to costs under Rule 54(d). However, other courts within the Second Circuit have found that defendants are the prevailing parties where there has been a dismissal by the plaintiff in related contexts. *See, e.g., Fernandez v. Southside Hospital*, 593 F.Supp. 840, 842–43 (E.D.N.Y.1984) (defendants can be prevailing parties for purposes of attorneys fees award where there has been dismissal without prejudice depending on circumstances surrounding dismissal, such as "where the complaint is clearly frivolous or there have been proceedings on the merits or substantial discovery"); *Reaemco, Inc. v. Allegheny Airlines*, 496 F.Supp. 546, 549 n. 2 (S.D.N.Y.1980) (awarding costs to defendant as prevailing party after plaintiff consented to dismissal of defendant).

As defendant GTE notes, all the circuit courts that have considered the question have concluded that a defendant is the prevailing party for purposes of Rule 54(d) costs where there has been a voluntary dismissal with prejudice of plaintiff's claims. *See, e.g., Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party and should ordinarily be entitled to costs."); *Cantrell v. International Brotherhood of Electrical Workers, AFL—CIO*, 69 F.3d 456, 458 (10th Cir. 1995); *Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir.1993); *Sheets v. Yamaha Motors*, 891 F.2d 533, 539 (5th Cir.1990); *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997). Further, *Mobile Power Enterprises, Inc. v. Power Vac, Inc.*, 496 F.2d 1311 (10th Cir.1974), the sole case relied upon by the *Nemeroff* court, now has been overruled.

*See Cantrell*, 69 F.3d at 458. As the *Cantrell* court and others have commented, the *Mobile Power* holding that a defendant was entitled to recover costs where a plaintiff dismissed without prejudice but not if the dismissal was with prejudice was illogical. *See, e.g., id.; Schwarz*, 767 F.2d at 131 n. 8. Moreover, as the *Cantrell* court noted, the *Mobile Power* court appears to have misread the case it cited in support of its holding. *See Cantrell*, 69 F.3d at 458.

In light of these developments in the case law, and because the rule described in *Nemeroff* was both dicta and relied on reasoning and precedent that has since been repudiated, this Court finds that GTE is a prevailing party under Fed.R.Civ.P. 54(d).

### B. *Imposition of costs*

Under Rule 54(d), the Court may deny costs "upon a showing that such an award would be inequitable." *DLC Management Corp. v. Town of Hyde Park*, 45 F.Supp.2d 314, 315 (S.D.N.Y.1999). " 'It is well-settled that under [Rule] 54(d), the awarding of costs is discretionary with the trial judge.' " *Remington Prods., Inc. v. North American Philips, Corp.*, 763 F.Supp. 683, 686 (D.Conn.1991) (*quoting McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir.1972)). Although there "is a presumption in favor of awarding costs to the prevailing party," *Remington Prods.*, 763 F.Supp. at 686, a district court may deny costs if (1) it states the reasons for the denial to allow review by an appellate court for abuse of discretion and (2) the unsuccessful party shows some circumstances sufficient to overcome the presumption. *See id.* (citations omitted). Relevant factors in determining whether to award costs include the plaintiff's good faith in bringing the suit, *see DLC Management Corp.*, 45 F.Supp.2d at 316; the plaintiff's indigency or financial hardship, *see County of Suffolk v. Secretary of the Interior*, 76 F.R.D. 469, 473 (E.D.N.Y.1977); and bad faith or misconduct by the prevailing party during the litigation, *see Remington Prods.*, 763 F.Supp. at 687.

■ Plaintiff Ginsberg has moved to dismiss his age discrimination claim because "discovery has not revealed sufficient additional evidence of age discrimination to warrant Mr. Ginsberg's continuing to pursue that claim." Ginsberg argues that the dismissal should be without costs to either party because where "[t]he fruits of discovery, together with the death of one witness and the catastrophic stroke suffered by his co-plaintiff, have impelled the plaintiff to drop his age discrimination claim ... [d]oing so advances the interests of judicial economy and should not be penalized." Pl.'s Reply in Supp. of Mot. to Dismiss at 4–5. "While the plaintiff's good faith may be considered, awards of costs are not generally denied merely because of this factor." *Remington Prods.*, 763 F.Supp. at 687; *see also McGuigan v. Cae Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y.1994) ("a court cannot refuse to award costs simply because the losing party acted in good faith"); *Maldonado v. Parasole*, 66 F.R.D. 388, 390 (E.D.N.Y.1975) (denying costs because losing party acted in good faith "would prevent the granting of costs in almost all cases where the plaintiff was unsuccessful. Instances of suits brought in complete bad faith are unusual. An approach requiring a showing of frivolity as a basis for assessing costs would contravene the express provision of Rule 54(d) which contemplates the awarding of costs to the prevailing party 'as of course' ").

Here, plaintiff's claim was, as he states, brought in good faith. While good faith alone is insufficient, additional facts counsel against the award of costs here. Because plaintiff's decision to dismiss the claim was made following the death of one witness and the serious illness and subsequent settlement of Mr. Ginsberg's co-plaintiff, events clearly beyond his control and that compromise plaintiff's ability to pursue his claims regardless of their merit, the Court finds that the award of costs to GTE would be inequitable in these circumstances and therefore declines to award costs to either party. *Cf. Joe Hand Promotions, Inc. v. Nekos*, No. 96–CV–706 (FJS) 1998 WL 238619, *2 (N.D.N.Y. May 5, 1998) (following trial resulting in victory for defendants, court denied costs as inequitable where plaintiff brought case in good faith and conflicting evidence had not convinced the court that the defendant was without fault).

## II. Motion to Remand [Doc. # 51]

■ In light of the voluntary dismissal of the sole federal claim, plaintiff Ginsberg now moves, under 28 U.S.C. § 1367(c) to remand the remaining state law claims to the Connecticut Superior Court in which the complaint was originally filed.

Ginsberg claims that under the criteria established by *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), judicial economy, convenience, fairness and comity all demonstrate that remand is appropriate because the only remaining counts, after this Court dismisses the federal claim, are his state law breach of contract and breach of implied covenant of good faith and fair dealing counts. Defendant agrees that these are the appropriate factors to consider", but draws the opposite conclusion from the facts here.

Ginsberg notes this is a "relatively early stage of this litigation, prior to the filing of any dispositive motions and prior to trial." Mem. in Supp. of Mot. to Remand at 2. In addition, he observes that the resources the parties have expended on discovery will not be wasted because they may be used in state court. *See id.*

GTE, in contrast, insists that this Court should exercise its discretion to retain jurisdiction over the remaining state law claims. First, it claims that judicial economy weighs against remand because the case has been° pending for over two and a half years, the parties have completed discovery and this Court has issued several rulings and is familiar with the legal and factual issues in the case. Next, it argues that because of the delay in the trial that may result if the case is remanded, convenience weighs in favor of retaining jurisdiction. Finally, GTE claims that because the case does not involve unsettled principles of state law, the comity weighs neither for nor against remand.

Weighing the factors of judicial economy, convenience, fairness and comity in this case, dismissal and remand to state court of plain-

tiff Ginsberg's remaining two counts is appropriate. Because there have been no dispositive motions decided yet and no trial, and any discovery obtained in this case may be used in the state court forum, judicial economy does not favor retention of jurisdiction. GTE argues that fairness and convenience favor retention of jurisdiction because many of its potential trial witnesses already have left the company or relocated and given the backlog at the state trial court, the case would not likely go to trial until late 2001 or early 2002, *see* Aff. of Adam S. Bozek, at ¶¶ 3, 4. However, as plaintiff notes, the inconvenience complained of by GTE relates to events that have already occurred and thus will not be effected by any additional delay that may result from remand, and GTE has not shown that the possibility of further delay will pose it additional harm. Finally, comity supports remand in this case. The Second Circuit has emphasized that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Castellano v. Board of Trustees*, 937 F.2d 752, 758 (2d Cir.1991); *accord Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994).

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over plaintiff Ginsberg's remaining state law counts.

### III. Motion for Protective Order [Doc. # 47]

In light of this Court's dismissal of Count 4 and remand of the remaining state law claims, plaintiff Ginsberg's motion for a protective order is denied as moot.

### IV. Conclusion

For the reasons discussed above, Plaintiff's Motion to Dismiss the Age Discrimination Claim [Doc. # 50] is GRANTED. Plaintiff's Motion to Remand [Doc. # 51] is GRANTED and Plaintiff's Motion for Protective Order [Doc. # 47] is DENIED AS MOOT. This case is hereby remanded to the Superior Court of the State of Connecticut for the Judicial District of Stamford/Norwalk.

IT IS SO ORDERED.