DECISION
Following trial on June 21, 2006, a jury returned a verdict in favor of Plaintiff Tracy Rarick ("Plaintiff"), finding Defendant Leann Tobin ("Tobin") 100% negligent and further finding that Plaintiff suffered $12,500 in damages as a result of said negligence.[1] The jury found no negligence on the part of Defendant Taylor. Before this Court is Plaintiff's Motion for Costs pursuant to the Super. R. Civ. P., Rule 54, and G.L. 1956 § 9-22-5. Plaintiff's motion is granted in part and denied in part.
Plaintiff, as the prevailing party, asks this Court for costs totaling $16,319.62 incurred in her negligence action. In her motion, Plaintiff submits an itemized cost sheet and supporting documents. Specifically, Plaintiff requests costs for the filing fee, service of summons, depositions, videotaped depositions, copies of bills and records, expert witness fees, transcripts, and more.
Rule 54(d) of the Super. R. Civ. P. allows the recovery of costs to a prevailing party, where such costs are provided for under § 9-22-1et. seq., the Super. R. Civ. P., or as specifically directed by the court. See also section 9-22-5 ("[i]n civil actions at law, the party prevailing shall recover costs, except where otherwise specifically provided, or *Page 2 
as justice may require, in the discretion of the court."). Although "costs" are not defined by Rule 54(d) or Section 9-22-5, "[c]osts are normally considered the expenses of suing another party, including filing fees and fees to serve process." Kottis v. Cerilli, 612 A.2d 661,669 (R.I. 1992). Some costs, however, are not recoverable, so it is incumbent upon the "prevailing party [to] establish that [costs and expenses] were both necessary and reasonable." Matter of Schiff,684 A.2d 1126, 1135 (R.I. 1996).
The trial justice has the discretion to award costs to a prevailing party and in doing so, may take into consideration how close the case was, the complexity of the case, and the nature of the case.Remington Products, Inc. v. North American Phillips Corp.,763 F. Supp. 683 (D. Conn. 1991). The trial justice may also consider whether expenditures are "unnecessary or are unreasonably large." White White,Inc. v. American Hosp. Supply Corp., 786 F.3d 728, 730
(6th Cir. 1986). In accord with many jurisdictions, Rhode Island case law holds that "Rule 54, as well as §§ 9-22-5 and 9-22-1, leaves to a trial justice's discretion the decision to allow or disallow costs, including costs for depositions." Bielecki v. Boissel,715 A.2d 571, 575 (R.I. 1998); Super. R. Civ. P. Rule 54.
The Court notes that this case was a standard motor vehicle accident case and not a complex one, although it was tried as one. Plaintiff utilized virtually every tool, high-tech and otherwise, in the development and trial of her case: multiple depositions, videotaped and otherwise, blow-ups, transcripts of motion hearings, transcripts of trial testimony, a transcript of an opening statement, editing costs, etc. As the exhaustiveness with which plaintiff sought to prepare and try her case was a choice made by Plaintiff, so should the attendant costs be borne by her — with some exceptions. *Page 3 
Upon review of Plaintiff's Motion for Costs, this Court makes the following findings. Fees paid by the Plaintiff for witnesses are not recoverable costs and therefore, this Court declines to award Plaintiff such fees. See Kottis, 612 A.2d at 669 ("[f]ees to pay expert witnesses would not be included in this definition of costs."). This Court will allow Plaintiff to recover deposition fees, but not the attendant expenses incurred for the videotaping of depositions, as this Court finds that said videotaping was not a necessary or reasonable expense. This Court also denies Plaintiff's request for $1,175.00 for videographer fees provided at trial, finding such fees to be an unnecessary expense.
This Court has reviewed Plaintiff's remaining requested costs, including filing fees, record fees, and subpoena costs. Finding said costs to be reasonable, this Court grants Plaintiff's Motion for Costs in the amount of $7,863.40.[2]
The Court notes, however, that as Plaintiff prevailed, so too, did Defendant Taylor. The Court will therefore consider a corresponding request for costs if submitted by Defendant Taylor.
With respect to the above, counsel shall submit an appropriate order for entry. *Page 4 
 Appendix A
Date Service Provider Cost Purpose
3/31/00 Miriam Hospital $10.00 Records
3/31/00 Miriam Hospital $12.00 Bills
6/21/00 Physical Therapy Plus $50.00 Bills
 and
 Records
10/27/00 Landmark $15.88 Records
12/12/00 Providence Super. Ct. $135.00 Filing
 Fee
12/14/00 Robert Serrecchia $70.00 Service Of
 Summons upon
 Defendants Deborah
 and Leeann Tobin
12/18/00 Robert Serrechia $35.00 Service of Summons
 upon Defendant Gail
 Taylor
9/6/02 Orthopedics Associates $50.00 Bills and Records
10/1/02 Reporting Associates $233.20 Deposition of Tracy
 Rarick
11/1/02 Allied Court Reporters $138.25 Deposition of Gail
 Taylor
11/13/02 Orthopedics Associates $50.00 Bills and Records
11/20/02 Reporting Associates $55.80 Deposition of Leeann
 Tobin
3/10/04 Dennis Waite $75.00 Service of SDT on Dr.
 Willetts
4/24/03 RWGH $15.00 Hospital Bills
5/30/03 Recordex $57.83 Records
6/17/03 Kerri Topalian $11.64 Copies
6/19/03 Recordex $21.40 Records
6/20/03 Joseph Merritt $314.58 Copies
8/20/03 Joseph Merritt $692.29 Shoulder 
 hospital blowups
8/29/03 Allied Court Reporters $751.50 Deposition of Dr.
 Gallucci
10/19/03 Miriam Hospital $15.00 Records
11/8/03 Allied Court Reporters $674.50 Deposition of Dr.
 Pizzarello
12/12/03 Robert Kilduff $35.00 Service of SDT-Lt.
 Bousquet
1/7/04 Allied Court Reporters $162.40 Deposition of Lt.
 Bousquet
2/7/04 Dennis Waite $40.00 Service of SDT
3/18/04 Allied Court Reporters $583.36 Deposition of Dr.
 Willetts
3/30/04 Linda Barrett $174.00 Transcript
4/2/04 Linda Barrett $126.00 Deposition of Santos
 v. RI Hospital
4/13/04 Allied Court Reporters $94.20 DMV Depo
4/26/04 Linda Barrett $72.00 Motion hearing
6/14/04 QuadraMed $7.55 Records
8/30/05 Landmark Medical $10.00 Bills
9/26/05 Landmark Medical $4.10 X-ray Bill and
 Report
11/21/05 Allied Court Reporters $1,217.36 Dr. Thomas Morgan
 Transcript
9/21/05 Recordex $45.56 Records
9/26/05 Robert Serrecchia $45.00 SDT-Rehab Hospital
6/22/05 Longwood Orthopedics $50.00 Medicals
2/3/05 Robert Serrecchia $45.00 Tobin Summons
6/5/06 Robert Serrecchia $60.00 SDT-Lt. Bousquet
7/9/06 Mary Guglietti $36.00 Transcript of Motion
6/20/06 Geraldine Meehan $942.00 Transcript of Dr.
 Pizzarello / Opening
 Argument
7/19/06 Geraldine Meehan $630.00 Transcript of Dr.
 Morgan

[1] Plaintiff's total recovery was calculated to be $22,021.92.
[2] See attached Appendix A for an itemized list of allowable costs. This Court notes that in her motion, Plaintiff requested fees for several services for which this Court can find no support in the documents provided: (1) a 11/13/00 bill for $10.00 to Landmark Medical Center; (2) a 3/19/04 bill to Kinko's for $10.14; and (3) a 9/26/05 expense for Robert Serrecchia in the amount of $45.00. Without any documents of these costs, this Court shall exclude them from the award of costs to the Plaintiff. Additionally, Plaintiff requested costs for two checks to Dennis Waite dated 3/10/04, although only one is provided, and will be counted as such. This Court also notes that Plaintiff mistakenly requests $162.48 for the check dated 1/7/04 to Allied Court Reporters, although both the check and the bill are in the amount of $162.40. Consequently, Plaintiff's recovery will be adjusted accordingly.