Alice CHILDRESS, Plaintiff,

v.

Clarice TAYLOR, Paul B. Berkowsky, the Moms Company, and Ben Caldwell, Defendants.

No. 87 Civ. 6924 (CSH).

United States District Court, S.D. New York.

Nov. 3, 1993.

Deutsch Klagsbrun & Blasband, New York City, for plaintiff David Blasband; Jessica R. Friedman, of counsel.

Cowan, Liebowitz & Latman, P.C., New York City, for defendants Clarice Taylor, Paul B. Berkowsky, The Moms Company and Ben Caldwell; Peter Herbert, Alasdair J. McMullan, of counsel.

Colton, Hartnick, Yamin & Sheresky, New York City, for defendant Bruce Mailman; Allan E. Mayefsy, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This protracted and bitterly contested copyright infringement litigation reaches its terminal stage with two applications for attorney's fees, equally bitterly contested. The applications lie under 17 U.S.C. § 505. One is made on behalf of defendant Bruce Mailman against plaintiff Alice Childress, Mailman having obtained a dismissal of plaintiff's claim against him. The other is made on behalf of Childress against defendants Clarice Taylor, Paul B. Berkowsky, The Moms Company, and Ben Caldwell, against whom Childress obtained an injunction against infringement and statutory damages. Familiarity with all prior opinions of this Court and the Court of Appeals is assumed.

### The Mailman Fee Application

I awarded Mailman costs including an attorney's fee in an opinion dated February 22, 1991. The amounts were unquantified at that time. Mailman now applies for attorney's fees in the amount of $30,959.50 and expenses in the amount of $3,243.10, for a total of $34,202.60. Childress contends that under the doctrine of unclean hands, Mailman is entitled to recover nothing. In the alternative, Childress argues for substantial reductions in the amounts claimed.

There is no substance to plaintiff's contention that Mailman should receive no award. That contention is based on alleged misrepresentations on the part of Mailman or his counsel, the firm of Colton, Harnick, Yamin & Sheresky (the "Colton firm"). The first misrepresentation is said to arise from Mailman's failure to disclose "that he has

already paid himself $24,000 in legal fees" (Brief for Childress at 9). That is a reference to an arrangement Mailman, as owner of the theatre where the infringing play was produced, entered into with the other defendants after commencement of plaintiff's action, whereby Mailman withheld part of the box office receipts to indemnify the theatre against potential liability as a passive infringer. I agree with Mailman that he was under no obligation to disclose that agreement as part of his present fee application, or to factor the amount involved into the calculation of fees recoverable from plaintiff, against whom Mailman prevailed. Childress cannot be regarded as a third-party beneficiary of any agreement entered into between the parties she elected to sue. Mailman's recovery of legal costs from Childress may place him under an obligation to account to the other defendants from whom funds were withheld, but that is of no concern to Childress, and it would be inequitable to allow her to benefit from an agreement to which she was a stranger.

■ Plaintiff's second argument advanced under the "clean hands" rubric is that Mailman's claimed attorney's fees are not properly supported by the documents submitted. That is true, at least in part; but it does not justify disallowance of those portions of the claimed fees that are properly supported.

The affidavit in support of the claim is submitted by Allan E. Mayefsky, Esq., a Colton partner who had the case in charge. The affidavit claims compensation for 128 hours spent by Mayefsky; 22 hours by Ronald E. Feiner, another partner; time spent by three paralegals, Ann Bastis (6.5 hours), John Komendowski (7.8 hours), and Renate Koble (10.3 hours); and time spent by a student law clerk, Mae Ng (3.8 hours). The Mayefsky affidavit does not, as it should, set forth the hourly rates claimed for each of these individuals. One is required to calculate the rates by examining the two invoices submitted by the Colton firm to Mailman which comprise Ex. C to the affidavit. The first is dated December 20, 1988, and covers services through November 20. 19 hours of "partner's time" are charged at $225 an hour; 69.7 hours of "associates' time" at $175 an

hour; and 5.3 hours of "paralegal' time" at $65 an hour. The invoice does not name the individuals. The second invoice, dated December 5, 1990, covers the period from November 21, 1988 through November 29, 1990. It specifies 3 hours by Feiner at $250; 58.3 hours by Mayefsky at $200; and, at the hourly rate of $75, 5 hours by Bastis, 10.3 hours by Koble, and 7.8 hours by Komendowski. Plaintiff deduces from these documents that Mayefsky's time was billed at $175 an hour through November 20, 1988 and at $200 per hour thereafter. Brief at 13. Mayefsky's reply affidavit does not contradict that deduction, which seems plausible, and I accept it.

■ The Mayefsky affidavit is also accompanied by contemporaneous time sheets which are said to support the claim. They do so only in part. Significant amounts of claimed time are unaccompanied by any description of the particular services being performed. Mailman's reply brief says at 8 that "[s]ince this case was commenced in 1987, some of the earlier records unfortunately contain only a computer summary of the hours devoted to the matter by counsel as well as the paralegal staff. With respect to some of those early hours, there is no breakdown of the particular work performed." This is an inadequate excuse. In 1983 the Second Circuit decided *New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.1983). Judge Newman wrote at 1148:

> Hereafter, any attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

Counsel were on notice after *Carey* that work sheets must include specific descriptions of the work done or the time would not be compensable.

Counsel for plaintiff have analyzed the hours sufficiently described by the time sheets as opposed to those that are not. *See*

affidavit of Jessica R. Friedman, Esq., and accompanying calculations. Mailman's reply papers do not challenge the accuracy of that analysis. The time compensable under the *Carey* criteria consists of 94.3 hours of Mayefsky's time, of which 61.4 hours were spent prior to November 20, 1988 and are billable at the $175 rate, and 32.9 hours were spent after that date, billable at $200. Thus the properly supported total for Mayefsky's time is $17,325.00. 0.3 hours of Koendowski's time is adequately supported, which at a $75 rate is $22.50. 3.8 hours of Ng's time is supported and billable at $65, which gives $247. Accordingly the Colton firm's compensable fees on this motion total $17,594.50. To that I will add expenses in the amounts claimed, which total $3,243.10. It follows that Mailman's claim for attorney's fees and costs is allowed in the total amount of $20,-837.60. Plaintiff does not suggest that the rates claimed are unreasonable; nor could she, given the experience of the attorneys involved, as described in the affidavits.

■ Plaintiff does contend, however, that the claim should be drastically reduced by limiting Mailman's right to recovery to the work performed by his attorneys which related solely to the point of law upon which Mailman won his motion to dismiss. There is no substance to that argument. Plaintiff chose to include Mailman as an infringing defendant against whom she sought full recovery. Mailman's counsel were obligated to participate in all aspects of the defense. It would have been unprofessional for the Colton firm to repose such confidence in its motion to dismiss as to fail to attend the key depositions. The fact that counsel for the other defendants took the laboring oar at those depositions does not alter Mailman's entitlement to be represented at them. Plaintiff chose to sue Mailman, who incurred predictable legal expense in consequence. Mailman is entitled, for the reasons stated in the prior opinion, to recover reasonable and properly supported legal expenses from plaintiff. Judgment may enter for $20,-837.60.

### The Childress Fee Application

Childress applies for attorney's fees and costs to be awarded against defendants Taylor, The Moms Company, Berkowsky, and Caldwell. That application is also made under § 505, which requires that plaintiff be the "prevailing party" in the litigation.

The supporting affidavit is made by David Blasband, Esq., a partner of Deutsch Klagsbrun & Blasband, counsel for plaintiff throughout. The Blasband affidavit, after deleting lawyers' time not compensable from the defendants for various reasons, claims a total of 691.4 attorneys' hours, for a total charge of $125,630.50. No claim is made for disbursements. The fee claim is supported properly by contemporaneous time sheets. Defendants, while contesting the claim on other grounds, do not suggest otherwise. Accordingly I accept the times and rates claimed as reasonable.

■ Because the Copyright Act is intended to redress copyright infringement, fees are awarded to a prevailing plaintiff as a matter of course. *See Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 457 (2d Cir.1989); *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir.1986); *Diamond v. Am–Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir. 1984). But Childress, while obtaining injunctive relief, failed in significant measure to establish her claim for actual damages, which was litigated to the hilt. That failure must be taken into account in calculating the fee chargeable against defendants. In *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983), the Supreme Court held "that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees," so that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley* construed 42 U.S.C. § 1988, a provision in the Civil Rights Act that permits the district courts to allow "the prevailing party ... a reasonable attorney's fees as part of the costs." The principle is the same.

Having obtained injunctive relief which the Second Circuit affirmed, Childress returned to this Court for a full plenary trial on damages. This Court's opinion following trial is

reported at 798 F.Supp. 981 (S.D.N.Y.1992). Plaintiff claimed $71,480 in actual damages under the Copyright Act. She claimed the same amount on her Lanham Act and New York General Business Law claims, also pleaded in the complaint and submitted to the Court for decision. Under the Copyright Act plaintiff also claimed profits in the amount of $5,987 against Taylor and $6,987 against Caldwell. She claimed $100,000 in punitive damages against all defendants on her state law claim for unfair competition. In the alternative, plaintiff claimed statutory damages under the Copyright Act in the maximum amount of $50,000.

I rejected plaintiff's claims for actual damages, under all three applicable statutes, as not proven. I awarded the claimed profits against Taylor and Caldwell, but rejected plaintiff's claim for punitive damages, and reduced the statutory damages claim from $50,000 to $30,000. Defendants noticed an appeal but then withdraw it.

Much of the trial was devoted to plaintiff's unsuccessful effort to prove actual damages. The subject formed a major part of Childress's testimony, and her agent, Flora Roberts, was called to give expert testimony in support of the claim. I rejected the claim in its entirety. *See* 798 F.Supp. at 989–93.

The rejection of plaintiff's claims for actual and punitive damages and the scaling down of her claim for statutory damages demonstrate that at the trial on damages, plaintiff did not "prevail" on major issues. The fee claim must accordingly be reduced to reflect the fact that plaintiff's litigation success was only partial.

I have considerable discretion in dealing with such circumstances. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley* 461 U.S. at 436–37, 103 S.Ct. at 1941. In the case at bar, I am assisted by the careful allocations of effort contained in the Blasband affidavit. 691.4 hours are claimed at a total value of $125,630.50. *Id.* at ¶ 12. Of that time, preparation and trial of the damages claims consumed 262.9 hours and post-trial briefs 106.7 hours. *Id.* at ¶¶ 22, 23. Thus 369.6 hours are ascribable to the damages trial. I will disallow two thirds of that time to reflect plaintiff's limited success on damages. That is appropriate, where plaintiff sought to collect over $170,000 and obtained judgment for less than $43,000; and much of the trial proof related to claims upon which plaintiff failed to recover anything.

The balance of the claimed time is fully recoverable. That is 321.8 hours (691.4 less 369.6). One third of the trial time is 123.2 hours, which when added to 321.8 hours gives an allowable total of 445 hours. The Blasband affidavit establishes an average hourly fee of $181.70. The result is an allowable fee of $80,856.50.

Defendants make a number of arguments in support of their contention that Childress should receive no attorney's fees whatsoever, notwithstanding her complete success on the injunction and partial success on damages. Those arguments are unsupported by pertinent authority and on occasion disregard the Court's prior findings. I reject them without further discussion.

■ Plaintiff may recover $80,856.50 in attorney's fees from defendants Taylor, The Moms Company, Berkowsky and Caldwell. Because Taylor, Berkowsky and Caldwell were all willful infringers, *see* 798 F.Supp. at 994–96, the liability of these defendants is joint and several. *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.,* 807 F.2d 1110, 1117 (2d Cir.1986).

Settle judgments consistent with this opinion on seven (7) days' notice within fourteen (14) days.

SO ORDERED.