**Christopher SCANLON, Plaintiff,**

v.

**Gil KESSLER, Bruce Marcus, John Weis, and Gay Male S/M Activists, Defendants.**

**No. 97 CIV. 1140(CBM).**

United States District Court, S.D. New York.

Oct. 13, 1998.

Glenn Greenwald, Law Office of Glenn Greenwald, New York, NY, for Plaintiff.

Paul O'Dwyer, New York, NY, for Defendants.

### MEMORANDUM OPINION

MOTLEY, District Judge.

### BACKGROUND

Plaintiff, Christopher Scanlon ("Scanlon"), commenced this action on February 19, 1997,

against defendants, Gil Kessler ("Kessler"), Bruce Marcus ("Marcus"), John Weis ("Weis"), and Gay Male S/M Activists ("GMSMA"), alleging, *inter alia,* copyright infringement under 17 U.S.C. §§ 101, *et seq.* Scanlon is a former board member of GMSMA, a non-profit organization that advocates for the rights of gay men with a sadomasochistic lifestyle. He alleged that defendants violated his copyrights of certain photographs by using them without his permission. On July 9, 1998, the court held defendant GMSMA liable, under 17 U.S.C. § 504(c)(1), for infringing Scanlon's copyrights as to two photographs, "Suspension" and "Pinned," by placing them on the Internet without authorization. The other individual defendants were found not liable under state law. Finding the infringements not to be wilful, the court ordered minimal statutory damages of $1000. In addition, the court found that plaintiff was entitled to a moderate award of attorney's fees and costs.

On September 17, 1998, the court held a hearing on the parties' cross-applications for attorney's fees and costs. Plaintiff claims that he is entitled to $78,475.00 in attorney's fees and $5,877.34 in costs. Defendants oppose any award of attorney's fees or costs to plaintiff and move the court to award defendants $32,344.80 in attorney's fees and costs.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. Plaintiff Is the Prevailing Party under Section 505 of the Copyright Act

 Under § 505 of the Copyright Act ("the Act"), the prevailing party in a copyright infringement case may recover attorney's fees.[1] In *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the Supreme Court held that prevailing plaintiffs and prevailing defendants must be treated alike when courts consider awarding attorney's fees. To be deemed a "prevailing party," the party must "succeed on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit" *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also, Ruggiero v. Krzeminski,* 928 F.2d 558, 564 (2d Cir.1991). "[S]uccess on a "purely technical or *de minimis* " claim does not qualify a litigant as a prevailing party" *Screenlife Establishment v. Tower Video, Inc.,* 868 F.Supp. 47, 50 (S.D.N.Y.1994).

In the present case, the plaintiff is clearly the prevailing party. Scanlon alleged that defendants infringed on his copyrights as to two photographs, "Suspension" and "Pinned."[2] In the court's memorandum opinion dated July 9, 1998 ("July 9th Opinion"), the court held that plaintiff successfully proved copyright infringement as to those two photographs. *See, Scanlon v. Kessler, et al.,* 11 F.Supp.2d 444, 447 (S.D.N.Y.1998). However, defendants argue that plaintiff is not the prevailing party because his success was *de minimis.* Defendants claim to have prevailed in the action because the individual defendants were found not liable as to the copyright infringement claims, and defendant GMSMA was not found to have wilfully infringed on Scanlon's copyrights.

 The court finds that defendants' argument is misplaced. First, as previously stated above, Scanlon was successful in proving the merits of his copyright infringement claims. The fact that he secured a modest statutory damage award does not mitigate

---

1. Section 505 of the Act reads, in pertinent part, as follows:
 "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party.... The court may also award a reasonable attorney's fee to the prevailing party as part of the costs" 17 U.S.C. § 505.

2. Although plaintiff introduced Certificates of Registration for six photographs at trial, plaintiff only pursued infringement claims on two photo-

graphs, "Suspension" and "Pinned." In the court's July 9th Opinion, it made a finding of fact that three of the other six photographs entitled "Sitting Flame," "Standing Flame," and "Convergence" were not protected under the Copyright Act because they were not registered at the U.S. Copyright Office when the infringements began. *See, Scanlon,* 11 F.Supp.2d at 446–47. However, defendants did not prevail as to these two photographs because plaintiff did not allege that defendants violated his copyright as to them.

against his success. He was victorious as to the significant issue at bar, namely proving copyright infringement of his work. Defendants seem to confuse the law disqualifying the litigant who triumphs on a "technical or *de minimis*" claim from one who prevails on a central claim but does not receive his anticipated prayer for relief. Thus, the fact that Scanlon received only minimal statutory damages does not preclude him from being deemed the prevailing party. *See, Branch v. Ogilvy & Mather, Inc.*, 772 F.Supp. 1359 (S.D.N.Y.1991) (holding that copyright owner of cookbook who received $1 in nominal damages was prevailing party under the Act).

Second, the court's conclusion that the three individual defendants were not liable rested on New York state law. In its July 9th Opinion, the court held that although Kessler, Marcus, and Weis violated Scanlon's copyrights by posting his photographs on the Internet site, they were spared from liability under Section 720–a of New York's Not–for–Profit Corporation Law, which provides that an individual director of a not-for-profit corporation (in this case, GMSMA) can only be liable if his actions were grossly negligent. *See,* 11 F.Supp.2d at 448. Thus, the individual defendants cannot be termed prevailing parties, as they were merely shielded from liability under state law, despite their violation of the Act.

Third, the court's finding of lack of wilfulness on the part of GMSMA does not prevent plaintiff from being awarded attorney's fees and costs. Wilfulness goes to the issue of damages and not to the ultimate issue of determining whether defendants violated the Act by infringing on Scanlon's copyrights. The court finds that Scanlon achieved some of the benefits he was seeking in bringing suit, namely protection of his copyrights and some statutory damages. Therefore, the court finds and concludes that plaintiff, and not defendants, is the prevailing party entitled to moderate attorney's fees and costs.

## II. Calculation of Attorney's Fees and Costs under Section 505 of the Copyright Act

Although recovery of attorney's fees lies in the sound discretion of the trial court, the Second Circuit has developed a method for calculating such awards. Under the "lodestar" approach to determining attorney's fees, fees are determined by "multiplying the number of hours expended by each attorney involved in each type of work on the case by the hourly rate normally charged for similar work by attorneys of like skill in the area." The lodestar figure may be adjusted upward or downward "to take account of such subjective factors as the risk and complexity of the litigation and the quality of the representation." *Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496 (2d Cir.1980).

In using its discretionary power to determine an award of attorney's fees, the *Fogerty* Court ruled that a court may weigh such factors as frivolousness, motivation, objective unreasonableness of the case, and the need for deterrence. *See, Fogerty*, 510 U.S. 517, 535 n. 19, 114 S.Ct. 1023. While being a nonexclusive list, the factors used must advance the goals of the Act to further artistic endeavor.

### A. Excessive Hourly Rate Charged by Plaintiff's Attorney

Plaintiff's counsel, Glenn Greenwald ("Greenwald"), submitted a sworn affidavit claiming a rate of $245 per hour. Defendants argue that the rate charged by Greenwald is excessive and unreasonable. The court agrees. The court finds it patently unreasonable that an attorney who has only been admitted to practice law since 1995, with little experience in the area of copyright litigation, can demand such an exorbitant rate. Nothing in Greenwald's affidavit or reply papers justifies such a rate.[3] According to the 1997 Desktop Reference on the Economics of Law Practice in New York, published by the New York State Bar Associ-

---

**3.** In 1994, Greenwald graduated *cum laude* from New York University School of Law and was a member of its law review for two years. Prior to forming his own firm, Greenwald spent one year as a junior associate at Watchell, Lipton, Rosen, and Katz, a major New York law firm. During his time at Watchell, he was involved in a limited number of copyright cases. Therefore, the court finds that although Greenwald's academic achievements are impressive, his lack of actual litigation experience in this field prevents this court from awarding him the rate requested.

ation, the median salary for New York attorneys who have been in practice for less than five years is $125 per hour,[4] approximately fifty percent (50%) less than the rate Greenwald is requesting. Thus, the court finds and concludes that $125 represents a reasonable rate for Greenwald, reflecting an hourly billing rate charged by New York attorneys of like experience and skill.

## B. Duplicative or Vague Entries

 This case involved two straightforward claims of copyright infringement that raised no novel or complex issues of fact or law. Given these considerations, the court finds that this case should have only required one attorney and a moderate amount of pre-trial preparation time. Greenwald claims to have spent a total of 271.2 hours on this case. In addition, he includes time entries for the work of a pre-bar associate, Joel Christoph ("Christoph"), billing 95.1 hours at a rate of $130 per hour. The court finds that Christoph's time is not compensable as it was unnecessary to employ a pre-bar associate, particularly given the nature of the claims involved. The court further holds that Greenwald's time is excessive and should be reduced. Greenwald will be compensated for trial time, sixteen hours, and thirty hours of pre-trial preparation time. Forty-six hours seems a generous estimate for this type of case. The court may refuse to grant fee request for time entries that are excessive or redundant. *See, Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Williams v. New York City Housing Authority*, 975 F.Supp. 317, 325 (S.D.N.Y. 1997).

In addition, plaintiff does not itemize, with sufficient detail, time entries solely relating to the meritorious copyright claims. Plaintiff initially pursued four causes of action against the defendant: (1) copyright infringement; (2) breach of fiduciary duty; (3) breach of contract; and (4) defamation. After a three day bench trial on the copyright infringement claims, plaintiff voluntarily dismissed two of his four claims.[5] Yet, plaintiff seeks reimbursement for all work done on the case, including work relating to the state law claims. Similarly, several time entries in Greenwald's affidavit relate to photographs that were held to be unprotected under the Act.[6] Section 412(2) of the Act provides, in pertinent part, that

> "no award of . . . attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration" 17 U.S.C. § 412(2).

 The court finds and concludes that plaintiff should only recover expenses for work done on the meritorious copyright infringement claims. *See, Knitwaves v. Lollytogs*, 71 F.3d 996, 1012 (2nd Cir.1995) (vacating district court's award of attorney's fees for infringing acts committed prior to registration of copyright). However, Greenwald's affidavit fails to adequately specify which tasks relate to which claims.[7]

---

**4.** *See,* Exh. C, Defendant's Amended Reply to Plaintiff's Counsel Fee Application.

**5.** Plaintiff's defamation claim is still pending.

**6.** The following entries are examples of work relating to unprotected, and hence non-compensable, acts of infringement under the Act:

| Date | Hrs. | Date | Hrs. | Date | Hrs. | Date | Hrs. |
|---|---|---|---|---|---|---|---|
| 4/10/97 | 2.4 | 8/19/97 | .3 | 8/26/97 | .2 | 10/28/97 | 2.8 |
| 6/24/97 | 1.3 | 8/23/97 | .3 | 10/25/97 | 3.8 | 11/5/97 | 2.8 |
| 7/14/97 | 5.4 | 8/25/97 | .4 | 10/26/97 | 2.1 | 11/5/97 | 1.7 |

**7.** Examples of some ambiguous entries from Greenwald's affidavit include the following:

| Date | Entry | Hours |
|---|---|---|
| 4/10/97 | Letter to Paul O'Dwyer Re: Defamation and Copyright | 1.2 |
| 4/10/97 | Letter to Paul O'Dwyer Re: Defamation and Copyright | .4 |
| 5/14/97 | Draft Chris Scanlon Affidavit | .4 |
| 5/29/97 | Letter to Paul O'Dwyer Re: Discovery | .5 |
| 6/23/97 | Ltr to Paul O'Dwyer Re: Discovery & web site | .7 |
| 7/1/97 | Ltr to Paul O'Dwyer Re: Discovery | .6 |
| 8/8/97 | Research cases; draft Re: motion to dismiss | 8.9 |
| 8/14/97 | Draft Mem of Law Re: Motion to dismiss | 13.8 |
| 8/14/97 | Draft Chris Scanlon Affidavit | 1.4 |

## C. Limited Success Is a Factor in Determining Attorney's Fees under the Act

■ " "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees" so that "where the plaintiff only achieves limited success, the district court should only award that amount of fees that is reasonable in relation to the results achieved" *Childress v. Taylor*, 835 F.Supp. 739, 742 (S.D.N.Y.1993) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In this case, plaintiff dismissed two of his four causes of action against defendants and only recovered a modest statutory damage award of $1000, far less than plaintiff's request of $200,000. In addition, the court found the two infringements not to be wilful, which would have aggravated the damage award. Injunctive relief was not awarded because the court determined that defendants' actions in removing Scanlon's photographs from their Internet site "indicated an intention not to violate Scanlon's rights in the future" *Scanlon*, 11 F.Supp.2d at 448.

Therefore, in light of plaintiff's limited success and to account for these vague and duplicative time entries, the court reduces the lodestar figure for attorney's fees by two-thirds (67%). *See, e.g., New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983) (noting that various courts "have endorsed percentage cuts as a practical means of trimming fat from a fee application"); *Robinson v. Bantam Books, Inc.*, 339 F.Supp. 150 (S.D.N.Y. 1972) ("[S]ome attention may be given to the time spent by an attorney, [but] it is not determinative.... The real test is not time spent but results accomplished"); *Agee v. Paramount Comm.*, 869 F.Supp. 209, 212–13 (S.D.N.Y.1994) ("It is well settled law that in copyright infringement cases, the courts evaluate the amount of work and skill involved and the result achieved to determine attorney's fees").

8. The court reached this figure by calculating the lodestar figure for plaintiff's counsel (46 hours × $125/hr= $5750) and reducing it by 67%.

## III. Plaintiff's Application for Costs

■ Similarly, the court finds plaintiff's application for costs to be vague and duplicative. Greenwald's affidavit included expenses for expedited mailing and courier services like Federal Express and various transportation costs. Yet, he did not detail or explain the reasons why these special services were used. All the parties in this action live in New York. The court fails to see why transportation costs or special mailing costs should be reimbursed. Other noncompensable, vague entries include "brief costs," "trial supplies," and "court reporting/deposition." Greenwald also neglected to itemize the costs to show which costs are associated with which of plaintiff's claims.

■ Furthermore, plaintiff is seeking reimbursement for electronic legal research on LEXIS. The court finds that such expenses are duplicative and hence, not recoverable. "Computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost" *U.S. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir.1996); *see also, U.S., ex rel Coughlin v. I.B.M. Corp.*, 992 F.Supp. 137, 145–46 (N.D.N.Y.1998) ("the cost of electronic computer research is not recoverable in a motion for attorney's fees and costs").

Since the entries for disbursements are too vague for the court to assess the reasonableness of the costs, the court reduces plaintiff's application for costs by two-thirds (67%). Thus, the court finds and concludes that plaintiff's application for costs is granted in the amount of $1939.52.

## CONCLUSION

For the reasons set forth above, the court finds and concludes that plaintiff's application for attorney's fees is granted in the amount of $1897.50.[8] The court finds that plaintiff's application for costs is granted in the amount of $1939.52.[9] The court further holds that

9. This figure represents plaintiff's original request for costs ($5877.34) less the two-thirds deduction (67%).

defendants' request for attorney's fees and costs is denied.

SO ORDERED.