**Yoram BEER, Plaintiff,**

v.

**JOHN HANCOCK LIFE INSURANCE COMPANY; Provident Life and Accident Insurance Company; and Unum Provident Corporation, Defendants.**

No. 01–CV–50.

United States District Court,
N.D. New York.

Nov. 5, 2002.

Aaronson, Rappaport, Feinstein & Deutsch, LLP, Attorneys for Plaintiff, New York City, Elliot J. Zucker, of Counsel.

Nixon Peabody, LLP, Attorneys for John Hancock Life Insurance Company, Albany, NY, Daniel J. Hurteau, of Counsel.

Connors & Corcoran, LLP, Attorneys for Defendants, Rochester, NY, Eileen E. Buholtz, of Counsel.

## *MEMORANDUM–DECISION and ORDER*

HURD, District Judge.

### I. *INTRODUCTION*

Plaintiff Yoram Beer commenced the instant action against defendants John Hancock Life Insurance Company, Provident Life and Accident Insurance Company, and UNUM Provident Corporation seeking to recover benefits under certain insurance policies. Plaintiff now moves pursuant to Fed. R.Civ.P. 41(a)(2) seeking a dismissal of the litigation with prejudice and without costs. Defendants oppose the motion contending that they are entitled to attorneys' fees because plaintiff commenced the instant litigation in bad faith, and that they are entitled to costs pursuant to Fed.R.Civ.P. 54(d).

Oral argument was heard on August 23, 2002, in Albany, New York. Decision was reserved.

### II. *FACTS*

Plaintiff is a urological surgeon. Plaintiff took out disability and life insurance policies with defendants John Hancock Life Insurance Company ("Hancock") and Provident Life and Accident Insurance Company

("Provident"). Provident assumed certain of the policies issued by Hancock. Provident later merged with Unum Life Insurance and formed the UNUM Provident Corporation.

In February 1999, plaintiff suffered a heart attack. Plaintiff filed a claim for benefits under the disability policies alleging that he was totally disabled from performing the substantial and material duties of his occupation as a urological surgeon. Plaintiff also sought to invoke the waiver of premium provision in his life insurance policy. Defendants denied plaintiff's claims for benefits. Plaintiff then commenced the instant action seeking to recover the benefits.

While the action was pending, the parties entered into a stipulation of discontinuance with respect to plaintiff's claim to waive his life insurance premiums. (*See* June 25, 2002 Zucker Aff., Ex. C.) The stipulation provided that the dismissal was with prejudice and without costs. (*See id.*) The stipulation was So Ordered by Magistrate Judge Homer on April 19, 2002. (*See id.*) As the case further developed, plaintiff decided to discontinue all remaining causes of action against defendants. On or about May 3, 2002, plaintiff forwarded an executed stipulation of discontinuance to defendants for their signature. The stipulation provided for dismissal with prejudice and without costs. Defendants refused to sign the stipulation contending that plaintiff's litigation was commenced in bad faith, and therefore, they were entitled to attorneys' fees and costs.

Plaintiff now moves pursuant to Fed. R.Civ.P. 42(a)(2) to dismiss his Complaint against defendants with prejudice and without costs. Defendants cross-move for sanctions against plaintiff for instituting frivolous litigation in bad faith.

## III. DISCUSSION

### a. *Rule 41(a)(2) Dismissal*

■ Where all parties to pending litigation agree to discontinue the action, they may do so without an order of the court. *See* Fed. R.Civ.P. 41(a)(1). Where, as here, the par-

ties cannot agree on the termination of the action, a court order is necessary. *See* Fed. R.Civ.P. 41(a)(2).[1] As the Second Circuit has stated:

> It is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990), [*cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990) ]. Generally, however, a voluntary dismissal *without prejudice* under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir.1985).

*Catanzano v. Wing*, 277 F.3d 99, 109, 110 (2d Cir.2001) (emphasis added).

It is evident that neither plaintiff nor defendants wish to continue this litigation. Because plaintiff is willing to dismiss the litigation *with prejudice* and there is no evidence of prejudice to defendants by such a dismissal and no other interests are at stake here, plaintiff's motion to discontinue the action with prejudice is granted. *See Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.1985) ("[N]o matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed."). This leaves the remaining issue of whether the dismissal should be with or without costs and/or attorneys' fees.

### b. *Attorneys' Fees*

■ Defendants argue that plaintiff's entire case was built on perjury and that this, therefore, warrants an award of attorneys' fees under the court's inherent powers. "[U]nder the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir.1985).

The only pertinent exception for present purposes is the court's inherent authority to award fees when a party litigates frivolously or in bad faith. The bad faith ex-

---

1. Rule 41(a)(2) provides that "[e]xcept as provided in paragraph (1) ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

ception permits an award upon a showing that the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper purposes.... Neither meritlessness alone, nor improper motives alone, will suffice.

*Colombrito,* 764 F.2d at 133 (internal quotations and citations omitted). The Second Circuit has further held that the showing necessary for an award of attorneys' fees in connection with a voluntary dismissal with prejudice under Rule 41(a)(2) is extremely high. *See id.* at 134–35.

> [W]hen a lawsuit is voluntarily dismissed *with prejudice* under Fed.R.Civ.P. 31(a)(2), attorney's fees have almost never been awarded. Several courts have held that a Rule 41(a)(2) award of fees in such a situation is appropriate only when there is independent statutory authority for such an award. This Circuit has previously assumed as much....
>
> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor at trial, in which event (absent statutory authorization) the American Rule would preclude such an award.... We would not want to discourage such a salutory disposition of litigation by threatening to award attorneys' fees if a *plaintiff did not complete a trial....* [W]e decline to adopt [the exceptional circumstances test] as the standard for a fee award under Rule 41(a)(2).
>
> Our reading of Rule 41(a)(2) does not altogether foreclose fees in the event of a dismissal with prejudice. Conceivably, such an award might be one of the "terms or conditions" authorized by Rule 41(a)(2), *e.g.,* if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prej-

udice after inflicting substantial litigation costs on the opposing party and the judicial system.

*Colombrito,* 764 F.2d at 134–35 (emphasis in original).

This case does not meet the showing necessary for an award of fees. First, assuming *arguendo* that plaintiff prosecuted this litigation for an improper purpose, it cannot be said with certainty that plaintiff's claim was entirely without color or based on perjury. Although there are questions surrounding the veracity of plaintiff's testimony, there is conflicting evidence in the record regarding the extent of plaintiff's post heart-attack abilities and activities, and thus, whether he was totally disabled as that phrase is defined in his insurance policies. Some of plaintiff's claims regarding the limitations on his ability to work as a urological surgeon are substantiated by other witnesses, such as Dr. McDonald and plaintiff's treating physician, Dr. Zuravicky. Plaintiff also has set forth facts that might explain away some of the evidence against him. For example, plaintiff points to potential bias by Dr. Martinyk[2] and Ms. Shumelda,[3] and offers evidence suggesting that the hospital records upon which defendants rely may not be entirely accurate. It, therefore, cannot be said with certainty on the record presented that plaintiff was not truthful or that his claim was meritless.

Second, defendants have presented insufficient evidence that plaintiff commenced the litigation wantonly, or for purposes of harassment, delay or other improper purposes. If plaintiff was disabled from performing the substantial and material duties of his occupation, then he had every right to enforce his rights under the appropriate insurance policies. Moreover, when confronted with the evidence against him, plaintiff did not persevere in his fight against defendants in the hope of forcing a settlement or succeeding at trial by presenting questionable evidence. Similarly, plaintiff did not continue the litigation to await the outcome of a potentially costly motion for summary judgment. Rath-

---

**2.** Dr. Martinyk was employed by plaintiff. Plaintiff fired Dr. Martinyk before he testified at deposition.

**3.** Shumelda was a nurse in the ambulatory care unit and operating suite with whom plaintiff had disputes.

er, he reevaluated his litigation position in light of the evidence gathered through the discovery process and opted to discontinue the action and forego all rights to recommence it. This gave defendants the best possible outcome. They are now relieved of all liability and are saved the additional expense of continuing to litigate this case. This is not evidence of a malice or bad-faith.

Third, the alleged conduct, even assuming it to be true, does not rise to the level necessary to warrant an award of attorneys' fees and costs as a term and condition to a voluntary dismissal with prejudice. There is no evidence of a pattern of bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial costs on defendants and the judicial system or any other similarly egregious behavior. To the contrary, the only evident pattern is that when faced with detrimental evidence, plaintiff has voluntarily agreed to discontinue his claims with prejudice.

### c. Costs

■ Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The question is whether defendant is a prevailing party where, as here, plaintiff voluntarily dismissed the action with prejudice. All circuit courts to have directly addressed this issue have concluded that a defendant in such a situation is a prevailing party, or alternatively, that a district court has discretion to award costs to the defendant. *See Sequa Corp. v. Cooper,* 245 F.3d 1036, 1037 (8th Cir.2001) (district courts have discretion to award costs to a defendant where the plaintiff voluntarily dismisses the action); *Zenith Ins. Co. v. Breslaw,* 108 F.3d 205 (9th Cir.1997) (defendant in such a situation is a prevailing party); *Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021,* 69 F.3d 456, 458 (10th Cir.1995) (*en banc*); *Schwarz,* 767 F.2d at 130; *see also Surprise v. GTE Serv. Corp.,* 202 F.R.D. 79, 81 (D.Conn.2000). The Fifth and Ninth Circuits, for example, reason that "[b]ecause a

dismissal with prejudice is tantamount to a judgment on the merits, the defendant ... is clearly the prevailing party and should ordinarily be entitled to costs." *Schwarz,* 767 F.2d at 130; *see also Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 889 (9th Cir.2000); *Colombrito,* 764 F.2d at 134 ("[A] defendant against whom a claim has been dismissed with prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor at trial.").

The Second Circuit has stated that "generally the defendant is not considered the prevailing party when, as here, there is a voluntary dismissal of the action by the plaintiff with prejudice." *Nemeroff v. Abelson,* 620 F.2d 339, 350 (2d Cir.1980). This statement, however, was *dicta*[4] and the lone case upon which it relied, *Mobile Power Enterprises, Inc. v. Power Vac, Inc.,* 496 F.2d 1311 (10th Cir.1974), has since been expressly overruled as illogical, inconsistent with prior cases, contrary to the weight of authority, and based on a misreading of the case upon which it was based. *See Cantrell,* 69 F.3d at 458. Accordingly, *Nemeroff* is not controlling and defendants may seeks allowable costs, subject to the applicable rules and procedures and any objections thereto. *See Surprise,* 202 F.R.D. at 81. Notwithstanding the foregoing, no costs may be allowed with respect to the February 20, 2002 voluntary dismissal of plaintiff's claim regarding the waiver of life insurance premiums because defendants expressly agreed to dismiss that action with prejudice and without cost. *See Nemeroff,* 620 F.2d at 350.

### IV. CONCLUSION

Plaintiff may discontinue this action with prejudice. Defendants are not entitled to attorneys' fees. With the exception of costs relating to the voluntary dismissal of plaintiff's claim regarding the waiver of life insurance premiums, defendants may otherwise seek allowable costs pursuant to Fed. R.Civ.P. 54(d) subject to all applicable rules, procedures and objections thereto.

---

4. *Nemeroff* actually held that the district court did not improperly award costs to the defendant where the plaintiff agreed to a stipulation of discontinuance whereby the defendants expressly reserved the right to move for costs and disbursements. *See Nemeroff,* 620 F.2d at 350.

Accordingly, it is

ORDERED that

1. Plaintiff's motion to discontinue the action with prejudice pursuant to Fed.R.Civ.P. 42(a)(2) is GRANTED;

2. Defendant's motion for attorneys' fees and disbursements is DENIED; and

3. Subject to the limitations discussed herein, defendants are granted leave to seek costs in accordance with Fed.R.Civ.P. 54(d) and the local rules of this district.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.