**Brian RITCHIE, Plaintiff,**

v.

**Gordon GANO, individually and d/b/a/ Gorno Music Publishing (ASCAP), Defendant.**

**No. 07 Civ. 7269 (VM).**

United States District Court, S.D. New York.

Nov. 29, 2010.

Emilio B. Nicolas, Lawrence A. Waks, Stacy Allen, Jackson Walker L.L.P., Austin, TX, for Plaintiff.

Robert Stephen Meloni, Meloni & McCaffrey, P.C., New York, NY, for Defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

## I. *BACKGROUND*

Plaintiff Brian Ritchie ("Ritchie"), bassist of the now-defunct band the Violent Femmes (the "Band"), brought this action against defendant Gordon Gano ("Gano"), the Band's former guitarist and songwriter. Ritchie alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq.,* and Lanham Act, 15 U.S.C. § 1051 *et seq.,* which covers trademarks, as well as numerous state and common law claims.

By Stipulation and Order of Partial Consent Judgment dated November 17, 2009, Ritchie and Gano dismissed almost all of

the claims in Ritchie's complaint, including the copyright and trademark claims, on the merits with prejudice. By Stipulation and Order of Dismissal dated July 9, 2010, the parties agreed to dismiss the remaining claims on the merits with prejudice, thereby ending what on several occasions this Court has characterized to the parties as an excessive and unnecessarily prolonged litigation.[1] The agreement specifically preserved the right of both parties to move for attorneys' fees. Gano now moves for attorneys' fees related to the copyright and trademark claims. Attorneys' fees are warranted in this case, but Gano has given insufficient information for the Court to determine the amount of fees to award. For the reasons listed below, the motion is DENIED without prejudice.

## II. *LEGAL STANDARD*

■ Section 505 of the Copyright Act governs the award of attorneys' fees in copyright actions, and it provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Section 35 of the Lanham Act provides that a prevailing party on a trademark claim may recover attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). An "exceptional case" is one in which the losing party acted with bad faith or for oppressive reasons. *See GMA Accessories, Inc. v. Croscill, Inc.*, No. 06 Civ. 6236, 2008 WL 591803, at *11 (S.D.N.Y. Mar. 3, 2008).

■ In ruling on an attorneys' fees motion, a court first must decide whether the moving party is a prevailing party in the original action. *See Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 589 F.Supp.2d 331, 349 (S.D.N.Y.2008). In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court declared that to attain prevailing party status, a party must materially alter its legal relationship with its adversary. *Buckhannon* held that to become a prevailing party a defendant must obtain a "judicially sanctioned change in [the parties'] legal relationship" that bears the "necessary judicial imprimatur on the change." *Id.* at 605, 121 S.Ct. 1835; *see Phila. Stock Exch. v. Int'l Sec. Exch., Inc.*, No. 05 Civ. 5390, 2005 WL 2923519, at *2 (S.D.N.Y. Nov. 2, 2005) (applying the *Buckhannon* material alteration test to the attorneys' fees provision of the Copyright Act).

■ Thus, a party seeking attorneys' fees must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by a court. *See NXIVM Corp. v. Ross Institute*, No. 03 CV 0976, 2005 WL 1843275, at *2 (N.D.N.Y. Aug. 2, 2005). A voluntary dismissal with prejudice is "tantamount to a judgment on the merits," and, therefore, a district court may in its discretion award attorneys' fees following such a dismissal. *Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 70 (N.D.N.Y.2002) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir.1985)).

---

1. In the latest instance of this litigation excess, Ritchie filed a memorandum of law in opposition to Gano's attorneys' fees motion which ran thirty-six pages, exceeding the Court's page limitation practice of twenty-five pages. Moreover, Ritchie filed the brief without prior authorization, but instead sought leave to do so simultaneously with his submission, and therefore presented the Court with an accomplished fact. Not to prolong final disposition of this action any further, the Court chose not to reject the filing.

In determining whether an attorneys' fees award is appropriate, a court examines a range of factors to determine whether an attorneys' fees award is appropriate, such as frivolousness, motivation, objective unreasonableness, and deterrence. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). After deciding that a party is entitled to attorneys' fees, the question remains as to whether the amount requested is reasonable. *See Pearson Educ., Inc. v. Kumar*, No. 07 Civ. 9399, 2010 WL 3291581, at *2 (S.D.N.Y. Aug. 6, 2010).

In an action alleging copyright violations as well as other claims, where the source of the attorneys' fees motion is the Copyright Act, the prevailing party may recover only for those attorneys' fees expenditures that relate to the copyright claims. The claimant may not recover for attorney billings for other claims brought in the same suit. *See Scanlon v. Kessler*, 23 F.Supp.2d 413, 417 (S.D.N.Y.1998) (holding that a defendant who defended copyright and other claims could recover for attorneys' fees on meritorious copyright infringement claims only, and that such a defendant could not recover on dismissed state law claims).

### III. *DISCUSSION*

Some of the claims asserted in Ritchie's original suit alleged violations of federal copyright or trademark law, and therefore fall within the scope of the attorneys' fees provisions of the Copyright or Lanham Acts, respectively. Further, Gano is a prevailing party because he achieved a voluntary dismissal with prejudice of all of the claims in the suit. *See Beer*, 211 F.R.D. at 70.

Ritchie's suit also satisfies the requirements of the Lanham Act's attorneys' fees provision because, in this Court's view, it is oppressive and was litigated by Ritchie with excessive lawyering. *See*

*GMA Accessories*, 2008 WL 591803, at *11. Ritchie directly contradicted an agreement between the parties which provided that they own the Violent Femmes trademark jointly by claiming in his complaint that he is the sole and exclusive owner. He wrongfully registered the trademark under his name on several occasions, and he continuously contested ownership of the trademark for almost ten years in total.

Ritchie brought his copyright claims in a similar fashion. He claimed ownership or co-authorship of musical compositions and sound recordings whose ownership had already been determined and reaffirmed by various agreements over the years. In light of the unwarranted amount of time and resources spent litigating these tenuous claims and the need to deter wasteful suits, the Court finds that an award of attorneys' fees for Gano's expenses defending the copyright and trademark claims is reasonable and warranted under the factors outlined in *Fogerty. See* 510 U.S. at 535, 114 S.Ct. 1023.

In addition, Ritchie alleged many other claims that relate to neither federal copyright nor federal trademark law. These include a range of state statutory and common law claims, including breach of contract, unjust enrichment, and breach of implied covenant of good faith and fair dealing; accounting; conversion; voice misappropriation; and waste of copyright and trademark. Gano may not recover attorneys' fees for any of these claims under either the Copyright or Lanham Acts. *See Scanlon*, 23 F.Supp.2d at 417.

While Gano includes as exhibits in support of his attorneys' fees motion a list of all fees for which his attorney billed him in this suit, he does not request a specific fee amount, nor does he parse out which charges related to which claims. (*See* Me-

loni Declaration, Docket No. 89.) Gano simply states that the total amount he spent on lawyers' fees is $468,615.97 (*Id.* ¶ 27), and that the expenditures he incurred during the time period between the filing of Ritchie's complaint and the dismissal of the copyright and trademark claims amounted to $348,174.97 (*Id.* ¶ 28). Gano does not detail what amount he spent on the copyright claims and what amount relates to the trademark claims, the only two claims for which he seeks attorneys' fees. Thus, the Court finds that the general information Gano provides is insufficient to establish that he is entitled to an award of reasonable attorneys' fees. Without a detailed breakdown of the amounts Gano requests attributable to the copyright and trademark claims specifically, it is impossible for the Court to determine the reasonableness of the application.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that motion of defendant Gordon Gano ("Gano") (Docket No. 84) for an award of attorneys' fees in connection with this action is DENIED without prejudice; and it is further

**ORDERED** that within fourteen days of the date of this order Gano may renew the motion by providing sufficient information indicating the attorneys' fees award requested related to the defense of the copyright and trademark claims, respectively, asserted in the complaint in this action.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**